ROBERT CLARK, Plaintiff v. VISITING HEALTH PROFESSIONALS, INC., and JOHN WELLS, Defendants and Third-Party Plaintiffs v. JAMES J. HOSKI, M.D., Third-Party Defendant

No. COA99-145

(Filed 1 February 2000)

**Pleadings— third-party complaint—dismissed and refiled**

The trial court erred by dismissing a third-party complaint in a medical malpractice action where the complaint was filed, voluntarily dismissed under Rule 41, refiled without leave of the court within one year but more than 45 days after the answer was served, and dismissed under Rule 14. Rules 14 and 41 are in conflict and the restrictive Rule 14 approach would violate the traditional open courts policy of North Carolina.

Appeal by defendant and third-party plaintiffs from order entered 12 November 1998 by Judge Richard L. Doughton in Yancey County Superior Court. Heard in the Court of Appeals 28 October 1999.

*No brief filed for plaintiff.*

*Womble Carlyle Sandridge & Rice, by Alan R. Gitter and Alison R. Bost, for defendant/third-party plaintiff-appellants.*

*Northup & McConnell, PLLC, by Isaac N. Northup, Jr., and Anna R. Hamrick, for third-party defendant-appellee.*

EDMUNDS, Judge.

Visiting Health Professionals, Inc. (VHP) and John Wells (Wells), defendants and third-party plaintiffs, appeal the trial court's dismissal of their third-party complaint. We reverse.

Plaintiff Clark (Clark) filed a complaint on 18 August 1997 against VHP and Wells for medical malpractice and negligent provision of physical therapy services. On 25 September 1997, VHP and Wells filed an answer along with a third-party complaint seeking contribution from Dr. James J. Hoski (Dr. Hoski), plaintiff's treating physician. Dr. Hoski did not answer the third-party complaint, but moved to dismiss that complaint on 16 October 1997 for failure to state a claim under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990) and for failure to comply with N.C. Gen. Stat. § 1A-1, Rule 9(j) (Supp. 1998). On 22 October 1997, VHP and Wells gave notice of voluntary dismissal without prejudice of their third-party complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a) (1990).

On 26 June 1998, VHP and Wells refiled a third-party complaint against Dr. Hoski; Rule 41(a) refers to such a refiling as a "new action based on the same claim." N.C. Gen. Stat. § 1A-1, Rule 41(a). The refiled complaint complied with the requirements of N.C. Gen. Stat. § 1A-1, Rule 9(j); however, VHP and Wells refiled without obtaining leave of court in accordance with N.C. Gen. Stat. § 1A-1, Rule 14 (1990). On 2 September 1998, Dr. Hoski filed his answer to the refiled third-party complaint, then on 24 September 1998 moved to dismiss the third-party complaint for failure to comply with Rule 14.

After hearing Dr. Hoski's motion to dismiss on 9 November 1998, the trial court granted the motion pursuant to Rule 14, on the ground that without obtaining leave of court VHP and Wells refiled the third-party complaint more than forty-five days after the answer to the complaint was served. VHP and Wells, arguing that Rule 41 permits them to refile their third-party complaint within a year of taking a voluntary dismissal without the need for obtaining leave of court, appeal the trial court's dismissal of their third-party complaint.

We begin our analysis with a review of the pertinent Rules of Civil Procedure. Rule 14, dealing with third-party practice, provides in pertinent part:

(a) *When defendant may bring in third party.*—At any time after commencement of the action a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. Leave to make the service need not be obtained if the third-party complaint is filed not later than 45 days after the answer to the complaint is

served. Otherwise leave must be obtained on motion upon notice to all parties to the action. . . . Any party may move for severance, separate trial, or dismissal of the third-party claim.

N.C. Gen. Stat. § 1A-1, Rule 14(a).

The purpose of Rule 14 is to promote judicial efficiency by "provid[ing] a mechanism for disposing of multiple claims arising from a single set of facts in one action expeditiously and economically." Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d § 1442, at 291 (1990). The rationale for giving the trial court discretion to allow filing of the third-party claim after forty-five days is to ensure that the claim does not lead to "delay, confusion of the issues or complication of the trial with new issues." 1 G. Gray Wilson, *North Carolina Civil Procedure* § 14-4, at 280 (2d ed. 1995) [hereinafter *Wilson on Civil Procedure*] (citing *O'Mara Enter. v. Mellon Bank*, 101 F.R.D. 668 (W.D. Pa. 1983)).

Rule 41, dealing with the dismissal of actions, provides in pertinent part:

(a) *Voluntary dismissal; effect thereof.*—

(1) By Plaintiff; by Stipulation.—Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

. . . .

(c) *Dismissal of counterclaim; crossclaim, or third-party claim.*—The provisions of this rule apply to the dismissal of any counterclaim, crossclaim, or third-party claim.

N.C. Gen. Stat. § 1A-1, Rule 41(a)(1), (c).

Rule 41 gives a litigant one year to refile a claim that he or she has voluntarily dismissed. *See Georgia-Pacific Corp. v. Bondurant*, 81 N.C. App. 362, 344 S.E.2d 302 (1986); *Whitehurst v. Transportation Co.*, 19 N.C. App. 352, 198 S.E.2d 741 (1973). Rule 41 is also interpreted as a savings provision because it allows a third-party plaintiff (among others) to dismiss an action that originally was filed within the statute of limitations and then refile the action after the statute of limitations ordinarily would have expired. *See* N.C. Gen. Stat. § 1A-1, Rule 41 official commentary; *Bockweg v. Anderson*, 328 N.C. 436, 402 S.E.2d 627 (1991). Because the statute of limitations has not been pled in the case at bar as an affirmative defense, *see* N.C. Gen. Stat. § 1A-1, Rule 8(c) (1999), we assume that VHP and Wells refiled their third-party complaint within the limitations period. Therefore, cases recently decided by this Court that interpret Rules 41 and 9(j) in the context of the running of the statute of limitations are not applicable. *See Brisson v. Santoriello*, 134 N.C. App. 65, 516 S.E.2d 911 (1999); *Robinson v. Entwistle*, 132 N.C. App. 519, 512 S.E.2d 438 (1999).

In the case at bar, Rules 14 and 41 conflict. VHP and Wells argue they "invoked their absolute right under Rule 41 to re-file their third-party complaint . . . ." They contend that because no leave of court was required for the original filing and because their third-party complaint was refiled within one year of a voluntary dismissal, leave of court was not necessary for the refiling. Dr. Hoski responds that, pursuant to Rule 14, a third-party complaint that has been voluntarily dismissed may be refiled only with leave of court once forty-five days have elapsed from the filing of the answer to the original complaint.

We turn to pertinent principles of statutory and rule interpretation. Although a specific statute controls over a general statute if the two cannot be reconciled, *see Krauss v. Wayne County DSS*, 347 N.C. 371, 493 S.E.2d 428 (1997), it appears to us that Rule 14, addressing third-party practice, and Rule 41, applicable to all third-party claims, are equally specific. Therefore, the Rules of Civil Procedure must be interpreted as a whole. *See Lemons v. Old Hickory Council*, 322 N.C. 271, 367 S.E.2d 655 (1988). A similar rule applies when several statutes must be interpreted together. "It is well established that

when there are two acts of the legislature applicable to the same subject, their provisions are to be reconciled if this can be done by fair and reasonable intendment, but to the extent that they are necessarily repugnant, the one last enacted shall prevail." *Nytco Leasing v. Southeastern Motels*, 40 N.C. App. 120, 125-26, 252 S.E.2d 826, 830 (1979) (citing *Highway Commission v. Hemphill*, 269 N.C. 535, 153 S.E.2d 22 (1967)). These principles and a review of the policies behind Rules 14 and 41 lead us to conclude that VHP and Wells properly refiled their complaint and were not required to seek leave of court. As noted above, the savings provision of Rule 41 has been interpreted broadly by our courts. Were we to adopt the restrictive approach advocated by Dr. Hoski, our courts would be closed to a party that properly filed a third-party complaint within the time limits set out in Rule 14, then properly entered a voluntary dismissal of the third-party complaint, as permitted by Rule 41, then sought to refile more than forty-five days after a responsive pleading had been filed but within a year of dismissal, if the court declined to grant leave. We believe such a result is contrary to the traditional policy of open courts in North Carolina. *See* N.C. Const. art. I, § 18. Therefore, we hold that a third-party plaintiff who originally files a third-party complaint within the time limits set out in Rule 14 and subsequently enters a voluntary dismissal may, within one year, refile the complaint or an amended complaint without leave of court.

We are aware that this holding means that the trial courts' ability to control the filing of third-party complaints is correspondingly diminished. However, the case at bar illustrates that refiling a complaint need not be burdensome. Third-party plaintiffs refiled their third-party complaint while the original action remained pending. It was still possible, if the original action went to trial, for the third-party complaint to have been heard contemporaneously. In more problematic instances, judges may exercise their discretionary authority under Rules 14(a) and 42(b) to grant motions for severance and separate trials, *see* N.C. Gen. Stat. § 1A-1, Rule 14(a), Rule 42(b) (1999), to avoid "delay, confusion of the issues or complication of the trial with new issues." *Wilson on Civil Procedure* § 14-4, at 280. This case is reversed and remanded to the trial court for actions consistent with this opinion.

Reversed and remanded.

Judges McGEE and HORTON concur.