GASTON COUNTY, BY AND THROUGH ITS CHILD SUPPORT ENFORCEMENT AGENCY, EX-REL. APRIL D. MILLER, PLAINTIFF v. RANDY MILLER, DEFENDANT

No. COA04-157

(Filed 15 February 2005)

## 1. Child Support, Custody, and Visitation— adoption assistance payments—received by parent rather than child

The trial court acted within its discretion in departing from the guidelines and determining child support in an action involving adopted children and adoption assistance payments. Adoption assistance payments administered pursuant to North Carolina's adoption assistance program are received by the child rather than the adoptive parent.

## 2. Child Support, Custody, and Visitation— findings—departing from guidelines

The trial court made adequate findings of fact when departing from the child support guidelines in a case involving adopted children and adoption assistance payments.

Appeal by defendant from order entered 2 October 2003 by Judge James A. Jackson in Gaston County District Court. Heard in the Court of Appeals 2 November 2004.

*Cerwin Law Firm, by Todd R. Cerwin, for defendant-appellant.*

*Gaston County Department of Social Services, by Jill Y. Sanchez, for plaintiff-appellee.*

ELMORE, Judge.

April Miller (plaintiff) and Randy Miller (defendant) were married on 25 September 1999. The parties adopted two children during the marriage. Plaintiff and defendant entered into an Adoption Assistance Agreement with the Guilford County Department of Social Services

(DSS). Pursuant to this agreement, based upon their status as special needs children, the Miller children received monthly adoption assistance payments in the amount of $830.00 ($415.00 per child). The parties separated on 25 March 2003, and plaintiff filed an action on 23 July 2003 seeking an order for child support. Plaintiff is the custodial parent of the two children and will continue to receive monthly adoption assistance payments on behalf of the children until each child reaches the age of eighteen. Plaintiff is not disabled but is currently unemployed. Defendant is employed by the United States Postal Service and receives Military retirement benefits, for a total gross income of $4,607.41 per month.

On 17 September 2003 the district court held a hearing on plaintiff's claims. The court applied the North Carolina Child Support Guidelines (guidelines), which provided a presumptive amount of $918.00 per month as defendant's support obligation. The court then considered the relative abilities of each party to provide support and the needs of the children. In considering these factors pursuant to N.C. Gen. Stat. § 50-13.4(c), the court deviated from the guidelines. As support for this conclusion, the court entered a specific finding that the presumptive amount under the guidelines "would exceed the needs of the children due to the children's separate income of $830.00 per month and the lack of extraordinary expenses related to the needs of the children." The court found that the children were in the custody of defendant twenty percent of the time. The court then considered the benefit the children receive from the adoption assistance income while in the care of defendant and accordingly reduced defendant's obligation by twenty percent of the children's income, resulting in a support obligation of $752.00 per month. On 2 October 2003 the court entered its child support order, concluding that $752.00 per month is a reasonable amount of support and directing defendant to pay this amount beginning 1 September 2003. From this order, defendant appeals.

[1] Defendant contends that the trial court erred in failing to credit the adoption assistance payments against his child support obligation. At the outset, we note that the trial court's findings in a child support order are reviewed under a abuse of discretion standard. *Leary v. Leary*, 152 N.C. App. 438, 441, 567 S.E.2d 834, 837 (2002). Thus, the trial court's ruling will be reversed on appeal only upon a showing that it could not have been supported by a reasoned decision. *Id.*

GASTON CTY. EX REL. MILLER v. MILLER

[168 N.C. App. 577 (2005)]

Defendant assigns error to the following finding of fact entered by the court in the child support order:

12. That the Defendant introduced into evidence that the children receive adoption assistance income in the amount of $415.00 per month per child.

Defendant argues that the evidence in the record does not support the court's finding that the adoption assistance payments are the income of the children. According to defendant, the adoption assistance payments are not income of the children, but rather a subsidy to plaintiff exceeding the needs of the children. Yet, the language of the regulations governing the administration of adoption assistance programs by county departments of social services dictates otherwise. The North Carolina Administrative Code states that "payments may be made *to children* who meet the requirements set out in Rule .0402 of this Section." N.C. Admin. Code tit. 10A, r. 70M.0401 (June 2004) (emphasis added). Thus, the regulations applicable to adoption assistance payments specify that such payments are a resource of the adopted child, not a subsidy to the parent. Furthermore, the Adoption Assistance Agreement between Guilford County DSS and the Millers states, "[f]or the child receiving a monthly cash payment, [the parties] understand and agree that it is based upon the needs of the child and the circumstances of [the adoptive parents] . . . ."

A decision rendered by the Arizona Court of Appeals, *Hamblen v. Hamblen*, 54 P.3d 371 (Ariz. Ct. App. 2002), addressed an issue very similar to the one raised by defendant here. In *Hamblen*, the defendant argued that the trial court erred in ruling that adoption assistance subsidies for special needs children constituted money received by the children. The appellate court disagreed, explaining that the children are the recipients of the funds and that the parents' agreement to receive the payments pursuant to Arizona's adoption assistance program does not cause the funds to become property of the parents. *Hamblen*, 54 P.3d at 374. This analysis provides additional support for our conclusion that the child, rather than the adoptive parent, is the recipient of adoption assistance payments administered pursuant to North Carolina's adoption assistance program.

Defendant argues nonetheless that the court should have applied the entire adoption assistance benefit against his child support obligation in order to achieve equity. He contends that the court's failure to credit the full amount of the payments in reducing his obligation

resulted in plaintiff receiving a windfall. A trial court has the discretion to deviate from the guidelines if it finds, by the greater weight of the evidence, that applying the guidelines would not meet or would exceed the reasonable needs of the child. N.C. Gen. Stat. § 50-13.4(c) (2003); *Guilford County Ex. Rel. Easter v. Easter*, 344 N.C. 166, 473 S.E.2d 6 (1996). Here, defendant presented evidence to the court of the children's monthly adoption assistance payments. The record reveals that the court considered whether the presumptive amount under the guidelines would exceed the needs of the children in light of the adoption assistance payments. The court acted within its discretion in determining that $752.00 is a reasonable amount of support, and defendant has not shown an abuse of that discretion.

[2] By his next assignment of error, defendant argues that the court erred in failing to make the requisite findings of fact when deviating from the guidelines. We disagree. N.C. Gen. Stat. § 50-13.4(c) (2003) provides that when a trial court considers evidence supporting a deviation from the guidelines, the court must "find the facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support." Here, the court specifically found that the children did not have any extraordinary financial needs:

13. That although the children are considered special needs children for the purpose of receiving adoption assistance income, the children do not have any additional or extraordinary expenses relating to any physical or emotional health needs, educational needs, or other special needs that should be considered by the court.

The court also made findings as to the parties' employment circumstances and income sources. *Cf. Gowning v. Gowning*, 111 N.C. App. 613, 619, 432 S.E.2d 911, 914 (1993) (remand for further findings where trial court's findings failed to address needs of child or earning capacity and income of parties). Based upon these findings, the court concluded that $752.00 was a reasonable amount of support to meet the children's needs. As the trial court entered adequate findings in compliance with N.C. Gen. Stat. § 50-13.4(c), defendant's assignment of error is without merit.

Affirmed.

Chief Judge MARTIN and Judge HUDSON concur.