KINGSLEY CHUKS UGOCHUKWU, Plaintiff v. CHIOMA UGOCHUKWU, Defendant

No. COA05-919

(Filed 21 March 2006)

**1. Pleadings— conflict with foreign law—not raised—not considered**

Plaintiff failed to raise properly the issue of whether English law should be applied in a child support case by not raising the issue in the pleadings or giving any other reasonable notice that an issue regarding foreign law existed. The mere fact that a foreign order was attached to one of defendant's motions does not

provide written notice of a conflict between the laws of this state and those of a foreign jurisdiction, and the court did not err by failing to apply English law.

**2. Appeal and Error— English Law—statutes not included in brief—issue not addressed**

The Court of Appeals did not address the question of whether the trial court erred by deciding that excess child support payments were a gift under English law where plaintiff did not include relevant statutes, rules, or regulations in the brief.

**3. Child Support, Custody, and Visitation— support—noncompliance with English order—contempt**

The trial court's findings supported a contempt judgment for willful noncompliance with an English child support order.

**4. Contempt— failure to pay child support—attorney fees**

The trial court acted within its authority in awarding reasonable attorney fees to defendant after finding plaintiff in contempt for not complying with a child support order.

**5. Child Support, Custody, and Visitation— child care costs— no error in awarding**

The trial court did not err by awarding costs pertaining to child care expenses which defendant established she will pay each month for work-related child care.

Appeal by plaintiff from order entered 23 March 2005 by Judge Ann E. McKown in Durham County District Court. Heard in the Court of Appeals 8 February 2006.

*Tracy H. Barley for plaintiff-appellant.*

*Solomon & Mitchell, PLLC, by Laurel E. Solomon for defendant-appellee.*

CALABRIA, Judge.

Kingsley Chuks Ugochukwu ("plaintiff") appeals a child support order, requiring payment of all current child support and child support in arrears as a purge for being held in civil contempt for failure to pay child support. We affirm.

Plaintiff and Chioma Ugochukwu ("defendant") divorced in 1998 in England. At the time of the divorce, plaintiff and defendant were the parents of two minor children, who have resided primarily with

defendant since plaintiff and defendant separated. In early 1999 the Coventry County Court in England ordered plaintiff to pay child support to defendant in the sum of 375 pounds per month, per child. Both plaintiff and defendant subsequently relocated to the United States, and plaintiff and defendant agreed that the monthly amount of child support for both children in United States dollars equaled $1,252.50. The English order was registered in Cuyahoga County, Ohio for enforcement purposes.

Plaintiff paid the amount of child support ordered under the English order until September 2002. Plaintiff also paid defendant an additional amount of approximately $2,000.00 each month, which plaintiff claims was advance child support payments. The trial court determined, however, that these payments "were gifts to the [d]efendant[] and were not advances on child support."

Beginning in November 2002 and continuing through entry of the Durham County District Court's order, plaintiff unilaterally varied his monthly child support payments, for a total arrearage of $10,415.91. At the time of entry of the Durham County District Court's order, plaintiff was employed as a family physician, earning a monthly gross salary of $10,866.00. Plaintiff's gross yearly earnings at the time he varied his child support payments were as follows: $122,327.21 for 2004; $40,065.36 for 2003; and $40,114.88 for 2002. Defendant is a university professor who earns a monthly salary of $4,893.12 for nine months each year as well as $3,000.00 for a summer course.

Defendant subsequently filed a notice of registration of a foreign support order and a motion to modify and enforce child support. Based on, *inter alia*, the aforementioned findings, the trial court concluded that there had been a substantial change of circumstances affecting the welfare of the minor children, increased plaintiff's required monthly child support payments, held plaintiff in civil contempt, and awarded defendant attorney fees. Plaintiff appeals.

[1] On appeal, plaintiff initially argues that "the trial court erred in failing to apply English law in determining whether payments to appellant in excess of the amount owed for child support were advance payments of child support." We note that it is unclear from the record whether the trial court applied English law or North Carolina law in determining whether arrears existed under the English order because the trial court made no finding as to the applicable law. This Court has recognized that substantive questions of law regarding support orders are determined according to the law of

the "issuing state." *New Hanover County v. Kilbourne*, 157 N.C. App. 239, 247, 578 S.E.2d 610, 616 (2003). The Uniform Interstate Family Support Act ("UIFSA") defines the "issuing state" as "the state in which a tribunal issues a support order[.]" N.C. Gen. Stat. § 52C-1-101(9) (2005). England is a "state" given that it has enacted laws or procedures for enforcement of support orders that are "substantially similar to [UIFSA], the Uniform Reciprocal Enforcement of Support Act, or the Revised Uniform Reciprocal Enforcement of Child Support Act." N.C. Gen. Stat. § 52C-1-101(19)(b) (2005); *Foreman v. Foreman*, 144 N.C. App. 582, 550 S.E.2d 729 (2001).

North Carolina General Statutes § 8-4 (2005) states:

> When any question shall arise as to the law of . . . any foreign country, the court shall take notice of such law in the same manner as if the question arose under the law of this State.

Our Supreme Court has said, under this statute, "[t]he party seeking to have the law of a foreign jurisdiction apply has the burden of bringing such law to the attention of the court." *Leonard v. Johns-Manville Sales Corp.*, 309 N.C. 91, 95, 305 S.E.2d 528, 531 (1983). Moreover, the North Carolina Rules of Civil Procedure state, in pertinent part,

> A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or by other reasonable written notice. The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under Chapter 8 of the General Statutes and State law. The court's determination shall be treated as a ruling on a question of law.

N.C. Gen. Stat. § 1A-1, Rule 44 (2005).

In this case, plaintiff failed to raise either by the pleadings or any other reasonable written notice that an issue regarding foreign law existed. Although plaintiff claims that the foreign order, which was submitted with defendant's motion to modify, sufficiently raised this issue, we disagree. The mere fact that a foreign order was attached to one of defendant's motions does not provide the trial court with written notice that there is a *conflict* between the laws of this state and a foreign jurisdiction. The law of North Carolina and the law of England may have been substantially similar on the issue of arrears, and plaintiff provided no written notice to the contrary. This matter was, therefore, not appropriately raised to the trial court in accord-

ance with the North Carolina Rules of Civil Procedure. Accordingly, even if the trial court failed to apply English law in determining whether arrears existed under the order, it did not err in failing to do so given that plaintiff failed to properly raise this issue. Thus, this assignment of error is without merit.

[2] Plaintiff next argues, "the trial court erred in finding that the payments to defendant in excess of the amount for child support constituted gifts[] and not advance payments of child support." In his argument, plaintiff argues that the trial court was in error under English law by determining that plaintiff's excess payments amount to a gift. We have no basis by which to review this assignment of error given that plaintiff failed to comply with N.C. R. App. P. 28 (d)(1)c (2005) ("the appellant must reproduce as appendixes to the brief . . . relevant portions of statutes, rules, or regulations, the study of which is required to determine questions presented in the brief"). Accordingly, we need not address this assignment of error.

[3] Plaintiff further argues that the trial court erred in holding him in civil contempt. Our review of a contempt proceeding "is limited to whether the findings of fact by the trial judge are supported by competent evidence and whether those factual findings are sufficient to support the judgment." *McMiller v. McMiller*, 77 N.C. App. 808, 810, 336 S.E.2d 134, 136 (1985). The trial court made the following findings of fact:

19. The Plaintiff's financial affidavit evidences his ability to pay on the arrears as set forth below. The Court specifically notes that said financial affidavit shows that effective March 1, 2005, Plaintiff commenced contributing the sum of $1,624.99 to his employer sponsored 401(k) plan. Said financial affidavit further shows that the Plaintiff contributes $1,000 per month as religious contributions and $100 per month as charitable contributions. The plaintiff is able to pay the total arrears due of $10,415.91 in the sum of $1,100 per month for five months commencing April 1, 2005, and at the monthly rate of $200 per month thereafter until paid in full.

20. The Plaintiff testified that he knew that the existing order was in effect and required him to pay the sum of $1252.50 to the Defendant, and that he did not seek to modify that order and did not pay the amounts due under that Order. Even when the Plaintiff was earning in excess of $100,000 per year in 2004, he did

not make payments on his under-payments from November of 2002.

21. The existing order remains in effect as to child support arrears due, and the purpose of the existing order may still be served by compliance therewith. The Plaintiff's non-compliance therewith was willful, and the Plaintiff is able to make payments as set forth herein to cure the arrears due to Defendant.

22. The Plaintiff is in civil contempt of the existing child support order due to willful failure to make payment pursuant to the terms of said order, when he has had the ability for at least a significant portion of the time that said order has been in effect to make payments pursuant to the terms of that order.

Plaintiff does not assign error to the trial court's findings other than to the "finding that the payments to Defendant in excess of the amount for child support constituted gifts, and not advance payments of child support." We have previously rejected this contention, and the challenged finding is supported by competent evidence. Because plaintiff has failed to assign error to the other pertinent findings, they are conclusively established. *Patterson v. Patterson*, 137 N.C. App. 653, 662, 529 S.E.2d 484, 489 (2000).

North Carolina General Statutes § 5A-21 (2005) states:

(a) Failure to comply with an order of a court is a continuing civil contempt as long as:

(1) The order remains in force;

(2) The purpose of the order may still be served by compliance with the order;

(2a) The noncompliance by the person to whom the order is directed is willful; and

(3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.

The trial court's findings established that the English order remained in effect, that the purpose of the order may still be served, that plaintiff's non-compliance was willful, and that he was able to comply with the order. Accordingly, the trial court's conclusively established findings support the judgment, and this assignment of error is without merit.

**[4]** Plaintiff next argues that the trial court erred in awarding attorney fees to the defendant. The trial court stated that its award of attorney fees was based on plaintiff's willful contempt. This Court has held that the contempt power "includes the authority for a district court judge to require one whom he has found in willful contempt of court for failure to comply with a child support order . . . to pay reasonable counsel fees to opposing counsel as a condition to being purged of contempt." *Blair v. Blair*, 8 N.C. App. 61, 63, 173 S.E.2d 513, 514 (1970). Accordingly, since the trial court found plaintiff in willful contempt for failure to comply with the child support order, it acted within its authority in awarding reasonable attorney fees, and this assignment of error is without merit.

**[5]** Plaintiff's final argument on appeal is that the trial court erred in awarding defendant child care expenses. This Court will not disturb an amount of child support awarded by a trial court absent an abuse of discretion. *Sawyer v. Sawyer*, 21 N.C. App. 293, 296, 204 S.E.2d 224, 225 (1974). An abuse of discretion occurs when the trial court's ruling is "manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998) (citations omitted). The applicable child support guidelines state, "Reasonable child care costs that are, or will be, paid by a parent due to employment or job search are added to the basic child support obligation and prorated between the parents based on their respective incomes." N.C. Child Support Guidelines (eff. 1 October 2002). The trial court found that "Defendant will pay the amount of $400 per month for work-related child care for the minor children." Plaintiff did not assign error to this finding, and it is, therefore, conclusively established. Since defendant pays $400 per month in child care costs, the trial court did not abuse its discretion in awarding her related costs. For the foregoing reasons, we affirm the order of the trial court.

Affirmed.

Judges McGEE and BRYANT concur.