WILLIAM ALLEN GAILEY, III v. TRIANGLE BILLIARDS & BLUES CLUB, INC., JERRY SEXTON, INDIVIDUALLY AND IN HIS CAPACITY AS AN OWNER, OFFICER AND DIRECTOR OF TRIANGLE BILLIARDS & BLUES CLUB, INC., SUSAN SEXTON, INDIVIDUALLY AND IN HER CAPACITY AS AN OWNER, MANAGER AND DIRECTOR OF TRIANGLE BILLIARDS & BLUES CLUB, INC.

No. COA06-327

(Filed 17 October 2006)

**Arbitration and Mediation— failure to comply with order for mediated settlement conference—court's dismissal of action—misapprehension of law**

The trial court abused its discretion by dismissing with prejudice plaintiff's action based on his failure to comply with the trial court's order for a mediated settlement conference, because: (1) the trial court entered the order of dismissal without reference to the provisions of N.C.G.S. § 7A-38.1(h) and Rule 2C of the Rules Implementing Statewide Mediated Settlement Conferences which prescribe what must occur when the parties fail to agree upon a mediator or plaintiff fails to report this fact to the senior resident superior court judge; (2) the senior resident superior court judge has a statutory duty to appoint a mediator in this precise situation; and (3) the purpose of the mediated settlement conference in superior court is to encourage the parties to resolve their dispute as early in the litigation process as possible, and the dismissal of plaintiff's action does not further this goal.

GAILEY v. TRIANGLE BILLIARDS & BLUES CLUB, INC.

[179 N.C. App. 848 (2006)]

Appeal by plaintiff from orders entered 11 October 2005 by Judge Christopher M. Collier and 7 November 2005 by Judge Mark E. Klass in Davidson County Superior Court. Heard in the Court of Appeals 21 September 2006.

*Doherty & Nugent, P.C., by David S. Doherty, for plaintiff-appellant.*

*Barnes Grimes Bunce and Fraley, PLLC, by Jerry B. Grimes, for defendant-appellee.*

STEELMAN, Judge.

William Allen Gailey, III (plaintiff) appeals from orders entered 11 October 2005 and 7 November 2005 dismissing with prejudice plaintiff's complaint due to plaintiff's failure to comply with the trial court's order for a mediated settlement conference. For the reasons set forth herein, we reverse the order of the trial court.

Plaintiff originally instituted this action against defendants in 1998, seeking monetary damages for personal injuries. This complaint was voluntarily dismissed on 31 August 2001, and plaintiff refiled the action on 30 August 2002. Following the service of defendant's answer on 23 October 2002, the senior resident superior court judge for the 22nd Judicial District entered an order on 30 October 2002 for a mediated settlement conference. This order was on AOC form CV-811 and set a date of 30 March 2003 for completion of the mediated settlement conference. The order stated the following:

> Within twenty-one (21) days after the date of this Order, the parties may, by agreement, select a certified mediator or nominate a non-certified mediator to conduct their mediated settlement conference. Within twenty-one (21) days after the date of this Order, the plaintiff or plaintiff's attorney shall notify the Court of the selection of a certified mediator or the nomination of a non-certified mediator, or the failure of the parties to agree on a mediator. Notice shall be on form AOC-CV-812.

The parties did not agree on a mediator; the senior resident superior court judge did not appoint a mediator, and no mediated settlement conference was ever held.

This case was set for trial on 10 October 2005 in Davidson County Superior Court. On 4 October 2005, defendants mailed a motion to counsel for plaintiff seeking dismissal of plaintiff's action based on

plaintiff's failure to comply with the above-stated provisions of the court's order for a mediated settlement conference. On 11 October 2005, Judge Collier entered an order dismissing plaintiff's action with prejudice. On 21 October 2005, plaintiff filed a motion pursuant to N.C. R. Civ. P. 60, seeking relief from the order of dismissal. Plaintiff's Rule 60 motion was denied by Judge Mark E. Klass on 7 November 2005. On 9 November 2005, plaintiff gave notice of appeal from both orders.

Plaintiff contends that the dismissal of his action constituted abuse of discretion. We agree.

In 1995, the General Assembly enacted N.C. Gen. Stat. § 7A-38.1, to facilitate the settlement of superior court civil actions through court-ordered mediated settlement conferences. The purpose of the statute was to "make civil litigation more economical, efficient, and satisfactory to litigants and the State." 1995 N.C. Sess. Laws ch. 500, § 1. This statute granted the senior resident superior court judge the discretion to order parties in a civil action to participate in a mediated settlement conference prior to trial. Subsection (c) provided that the Supreme Court may adopt rules to implement the statute. *Id.*; *see also* N.C. Gen. Stat. § 7A-38.1(c) (2005). Subsection (h) set forth the procedure for the parties to a civil action to select a mediator:

> The parties to a superior court civil action in which a mediated settlement conference is to be held pursuant to this section shall have the right to designate a mediator. Upon failure of the parties to designate a mediator within the time established by the rules of the Supreme Court, *a mediator shall be appointed by the senior resident superior court judge.*

1995 N.C. Sess. Laws ch. 500, § 1 (emphasis added). This statutory provision was further explained by the Rules of the North Carolina Supreme Court Implementing Statewide Mediated Settlement Conferences in Superior Court Civil Actions, adopted on 12 July 2000. Rule 2C of these Rules provided, in pertinent part:

> If the parties cannot agree upon the selection of a mediator, the plaintiff or plaintiff's attorney shall so notify the court and request, on behalf of the parties, that the Senior Resident Superior Court Judge appoint a mediator.

. . . .

**GAILEY v. TRIANGLE BILLIARDS & BLUES CLUB, INC.**

[179 N.C. App. 848 (2006)]

Upon receipt of a motion to appoint a mediator, or in the event the plaintiff's attorney has not filed a notice of Selection or Nomination of Non-Certified Mediator with the court within 21 days of the court's order, the Senior Resident Superior Court Judge shall appoint a mediator certified pursuant to these Rules, under a procedure established by said Judge and set out in local rules or other written document.

On 1 October 1995, the 22nd Judicial District (which includes Davidson County) adopted the Supreme Court Rules as its local rules for mediated settlement conferences.

Both the statute and the rules adopted by the Supreme Court contemplate that the parties or their attorneys will at times fail to agree upon a mediator or that plaintiff or plaintiff's attorney will fail to report this fact to the senior resident superior court judge. Upon the occurrence of one of these events, the statute and the rules provide that the senior resident superior court judge *shall* appoint a mediator for the case. The clear purpose of this provision is to insure that the case will go to mediation in a timely fashion, well in advance of the designated trial date.

In this matter, the trial court dismissed plaintiff's action with prejudice, pursuant to N.C. R. Civ. P. 41(b), for plaintiff's failure to comply with the provisions of the order for a mediated settlement conference. Our standard of review of this order of dismissal is abuse of discretion. *See Jones v. Boyce,* 60 N.C. App. 585, 586, 299 S.E.2d 298, 300 (1983) (holding that appellate review of an involuntary dismissal is limited to a determination of whether abuse appears in the exercise of the court's discretion); *see also Whedon v. Whedon,* 313 N.C. 200, 213, 328 S.E.2d 437, 445 (1985). When discretionary rulings are made under a misapprehension of the law, this may constitute an abuse of discretion. *See State v. Cornell,* 281 N.C. 20, 30, 187 S.E.2d 768, 774 (1972) (stating that "where rulings are made under a misapprehension of the law, the orders or rulings of the trial judge may be vacated and the case remanded for further proceedings, modified or reversed, as the rights of the parties and the applicable law may require"); *Cf. Ledford v. Ledford,* 49 N.C. App. 226, 234, 271 S.E.2d 393, 399 (1980) (concluding that the court's denial of a motion to amend was based on a misapprehension of the law, was an abuse of discretion and reversible error).

In this matter, it is clear that the trial judge entered the order of dismissal without reference to the provisions of N.C. Gen. Stat.

§ 7A-38.1(h) and Rule 2C of the Rules Implementing Statewide Mediated Settlement Conferences. These documents prescribe what must occur when the parties fail to agree upon a mediator or the plaintiff fails to report this fact to the senior resident superior court judge: the parties forfeit their right to select the mediator, and the mediation takes place with a mediator selected by the court. When a specific remedy for a violation is set forth by statute or rule, this specific remedy must control over the provisions of a general rule or statute. *See Clark v. Visiting Health Prof'ls, Inc.*, 136 N.C. App. 505, 508, 524 S.E.2d 605, 607 (2000) (stating that "a specific statute controls over a general statute if the two cannot be reconciled").

The purpose of the mediated settlement conference in Superior Court is to encourage the parties to resolve their dispute as early in the litigation process as possible. The dismissal of plaintiff's action clearly does not further this goal, especially in light of the statutory duty of the senior resident superior court judge to appoint a mediator in this precise situation.

We hold that the trial court's dismissal of plaintiff's action was an abuse of discretion, and this ruling is reversed.

REVERSED.

Judges GEER and STEPHENS concur.