TERESA C. HARTLEY, Plaintiff-Appellant v. DWIGHT BLAN HARTLEY, II, Defendant-Appellee

No. COA06-833

(Filed 19 June 2007)

**Child Support, Custody, and Visitation— modification—deviation from guidelines—third-party contributions—social security benefits**

The trial court abused its discretion in a child support case by reducing defendant father's required child support obligation from $644 to $379 per month solely based on social security ben-

efits being received by the two minor children due to the death of plaintiff mother's husband, because: (1) although our Supreme Court has concluded that nothing in North Carolina case law or in N.C.G.S. § 50-13.4(c) suggests that contributions of third parties may not be considered when determining whether to deviate from the guidelines, the trial court made ample findings supported by the evidence that defendant was able to support his children; (2) the trial court made no finding of fact that defendant was unable to provide support to the children; and (3) the social security payments were made to the children directly.

Judge CALABRIA dissenting.

Appeal by Plaintiff from order entered 13 February 2006 by Judge Otis M. Oliver in District Court, Surry County. Heard in the Court of Appeals 8 February 2007.

*Randolph and Fischer, by J. Clark Fischer, for Plaintiff-Appellant.*

*Kara L. Daniels for Defendant-Appellee.*

McGEE, Judge.

Teresa C. Hartley (Plaintiff) and Dwight Blan Hartley, II (Defendant) were married on 30 January 1993. The parties separated on or about 15 February 1997 and were divorced on 6 April 1998. Plaintiff and Defendant are the parents of two minor children, D.H. and T.H. Pursuant to a court order filed on 21 May 1998, D.H. and T.H. were placed in the primary custody of Plaintiff. This order also required Defendant to pay child support in the amount of $664.00 per month.

Plaintiff and Defendant each remarried after their divorce. Plaintiff's husband was killed in November 2002. Plaintiff continued working after her husband's death. However, Plaintiff left her job in May 2004 because her employer would not allow her to work part-time. As a result of the death of Plaintiff's husband, D.H. and T.H. each receive social security benefits in the amount of $1,095.00 each month.

Defendant filed a motion on 31 August 2005 to modify the amount of child support paid by Defendant. Defendant alleged "a substantial change in the needs of [D.H. and T.H.] in that those needs [were] being partially met through social security payments through [Plaintiff's husband]." Defendant requested the trial court deviate

from the North Carolina Child Support Guidelines (the guidelines) as a result of the social security payments.

The trial court heard Defendant's motion on 4 January 2006 and filed its order on 13 February 2006. The trial court found that although Plaintiff was unemployed, she suffered no disability that would prevent her from being gainfully employed. The trial court found Plaintiff's efforts to obtain employment were "minimal" and imputed income to her in the amount of $892.00 per month, representing minimum wage for forty hours per week. The trial court also found that Defendant: (1) earned a monthly wage of $3,653.00, (2) paid child support in the amount of $650.00 per month for two other minor children he had with a previous wife, (3) had a newborn child with his current wife, and (4) provided health insurance for each of his five children. The trial court further found that Defendant's current wife earned $2,664.00 monthly.

Pursuant to the guidelines, the trial court found that Defendant was responsible for $630.20 per month for D.H. and T.H. (the children). The trial court found that the reasonable needs of the children would not exceed $2,700.00 per month, notwithstanding Plaintiff's claim that the children's reasonable needs were $2,841.93. The trial court also found that the children received the sum of $2,190.00 per month in social security benefits to meet these reasonable needs. The trial court concluded, therefore, that the children had $510.00 per month of reasonable needs unmet. Applying Defendant's guideline percentage of seventy-four percent, the trial court set Defendant's child support at $379.00 per month. The trial court found that "[a]nything over this amount paid by [] Defendant would exceed the reasonable needs of the children." Finally, the trial court concluded that "[t]he only reason and basis for the downward deviation is the social security benefits being received by the children due to the death of [Plaintiff's husband]." From this order, Plaintiff appeals.

N.C. Gen. Stat. § 50-13.4(c) (2005) governs child support determinations and provides that payments

shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

The statute permits any party to request a deviation from the guidelines, whereupon the trial court shall "hear evidence" and "find the

facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support." *Id.* Where the trial court determines "that the application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate the [trial court] may vary from the guidelines." *Id.*

This Court has stated

[a] trial court's deviation from the [g]uidelines is reviewed under an abuse of discretion standard, and its determination as to the proper amount of child support will not be disturbed on appeal absent a clear abuse of discretion, *i.e.* only if manifestly unsupported by reason. However, the [trial] court must make adequate findings of the specific facts supporting its ultimate decision in a case to enable a reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law.

*State ex rel. Fisher v. Lukinoff,* 131 N.C. App. 642, 644, 507 S.E.2d 591, 593 (1998) (internal citations and quotations omitted). "When discretionary rulings are made under a misapprehension of the law, this may constitute an abuse of discretion." *Gailey v. Triangle Billiards & Blues Club, Inc.,* 179 N.C. App. 848, 851, 635 S.E.2d 482, 484 (2006).

In *Guilford County ex rel. Easter v. Easter,* 344 N.C. 166, 167, 473 S.E.2d 6, 7 (1996), our Supreme Court addressed "whether third-party contributions may be used to support a deviation from the North Carolina Child Support Guidelines." In *Easter,* the defendant-mother requested a deviation from the guidelines based on support provided by the defendant-mother's parents. *Id.* at 168, 473 S.E.2d at 7. Her parents owned the house in which the plaintiff-father and the children resided, and did not charge the plaintiff-father rent. *Id.* The defendant-mother's parents also paid the water bill and provided other support in the form of clothing, haircuts, and medical bills. *Id.* The Supreme Court concluded that "nothing in North Carolina case law or in N.C.G.S. § 50-13.4(c) . . . suggests that the contributions of third parties may not be considered when determining whether to deviate from the guidelines." *Id.* at 169, 473 S.E.2d at 8. The Court noted that the statutory duty of the trial court was "to determine whether the reasonable needs of the children are being met and whether imposing the presumptive amount would not meet or would

exceed the reasonable needs of the children or would be otherwise inappropriate or unjust." *Id.* at 169-70, 473 S.E.2d at 8. In doing so, "the trial court should have at its disposal any information that sheds light on this inquiry." *Id.* at 170, 473 S.E.2d at 8. The Court emphasized that it was holding "that the trial court *may* consider support by third parties when determining whether there is evidence to support a deviation" but found it important to note that "contributions from a third party will not always support deviation from the guidelines." *Id.* at 171, 473 S.E.2d at 9. The Court stated that

> [i]n each case where the trial court considers whether the contri-.butions of a third party support deviation from the guidelines, that court must examine the extent and nature of the contributions in order to determine whether a deviation from the guidelines is appropriate considering the criteria for deviation set out in N.C.G.S. § 50-13.4(c).

*Id.*

In *Gaston Cty. ex rel. Miller v. Miller*, 168 N.C. App. 577, 578, 608 S.E.2d 101, 102 (2005), the issue before this Court was whether the trial court erred by failing to credit adoption assistance payments received by two adopted children against the defendant-father's child support obligation. The defendant-father argued that the trial court should have applied the entire benefit received by the children against his child support obligation. *Id.* at 579, 608 S.E.2d at 103. We rejected the defendant-father's argument and held that the trial court did not abuse its discretion by failing to credit the payments against defendant-father's support obligation. *Id.* at 580, 608 S.E.2d at 103. In our analysis, we concluded that "the child, rather than the adoptive parent, is the recipient of adoption assistance payments administered pursuant to North Carolina's adoption assistance program." *Id.* at 579, 608 S.E.2d at 103.

In *Browne v. Browne*, 101 N.C. App. 617, 625, 400 S.E.2d 736, 741 (1991), this Court upheld the trial court's decision not to "diminish or relieve" the father's child support obligation even though each of the two children had an estate valued in excess of $300,000.00, although we ultimately remanded for further findings. We stated that "[t]he supporting parent who can do so remains obligated to support his or her minor children, even though [the minor children] may have property of their own." *Id.* In *Browne*, "there [were] ample findings of fact supported by the evidence that the defendant father was able to support his children." *Browne*, 101 N.C. App. at 625, 400 S.E.2d at 741. We

therefore concluded that "the trial court was correct in refusing to 'diminish or relieve' the father of his obligation to provide for his children simply because the children had their own separate estates." *Id.*

Additionally, in *Gowing v. Gowing*, 111 N.C. App. 613, 617, 432 S.E.2d 911, 913 (1993), this Court reversed a trial court's decision not to award child support where the minor child was the beneficiary of a structured settlement which provided $2,000.00 per month. We reversed the trial court for making insufficient findings of fact to justify relieving the defendant of his support obligation. *Id.* We stated:

> If a parent can support his minor children, the trial court *must refuse* to diminish or relieve him of this obligation to provide for his children if the sole ground for that relief is that the children have their own separate estates. *For the child's settlement money to be a factor in deviating from the guidelines and awarding no support, the trial court must also find that the defendant father is unable to provide support.*

*Id.* (emphasis added and citations omitted).

In the present case, the trial court's order clearly stated that "[t]he only reason and basis for the downward deviation [from the guidelines was] the social security benefits being received by the children due to the death of [Plaintiff's husband]." As in *Browne*, in the present case the trial court made ample findings which were supported by the evidence that Defendant was able to support his children. As in *Gowing*, the trial court made no finding that Defendant was unable to provide support. Like *Browne* and *Miller*, and unlike *Easter*, this case involves payments made to the children directly. We conclude, therefore, that the trial court erred by crediting the social security benefits when it determined the unmet reasonable needs of the children and Defendant's corresponding obligation. The trial court was clear that the sole reason for diminishing Defendant's support obligation was the social security benefits received by the children. The trial court made no finding of fact that Defendant was unable to provide support to the children. Therefore, the trial court erred by diminishing Defendant's support obligation based upon the children's social security payments without finding that Defendant could not pay. We reverse and remand the trial court's order.

Reversed and remanded.

Judge STEPHENS concurs.

**HARTLEY v. HARTLEY**

[184 N.C. App. 121 (2007)]

Judge CALABRIA dissents with a separate opinion.

CALABRIA, Judge, dissenting.

I respectfully dissent from the majority's decision to reverse and remand the trial court's order granting a modification of defendant's child support obligation for his minor children. The trial court did not abuse its discretion by deviating from the child support guidelines based on contributions the children received from a third party.

The majority essentially holds that it is an abuse of discretion for a trial court to base a deviation from the child support guidelines on third party contributions unless there is a finding that the supporting parent is completely unable to provide support. This holding is overly restrictive and eviscerates the trial court's discretion to consider third party payments when modifying child support payments.

Based on the presumptive guidelines, child support payments "shall be in such amount as to meet the reasonable needs of the child . . . ." N.C. Gen. Stat. § 50-13.4(c) (2005). A trial court may vary from the guidelines if "the application of the guidelines would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support *or would be otherwise unjust or inappropriate.*" *Id.* (emphasis added). "A trial court's deviation from the [g]uidelines is reviewed under an abuse of discretion standard." *State ex rel. Fisher v. Lukinoff*, 131 N.C. App. 642, 644, 507 S.E.2d 591, 593 (1998). A trial court has committed an abuse of discretion when its ruling is "manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Ugochukwu v. Ugochukwu*, 176 N.C. App. 741, 747, 627 S.E.2d 625, 628-29 (2006).

The majority relies upon *Gaston Cty. ex rel. Miller v. Miller*, 168 N.C. App. 577, 608 S.E.2d 101 (2005), to support its conclusion. However, *Miller* actually holds that the trial court properly exercised its discretion in considering payments from a third party in determination of child support. In *Miller*, this Court upheld the trial court's decision to deviate from the guidelines when it considered how the trial court treated the adoption assistance payments. The majority's statement that the trial court failed to credit the adoption assistance payments against the defendant-father's support obligation is misleading. The defendant-father requested a one hundred percent credit. The trial court, in its discretion, reduced the defendant-

father's obligation by only twenty percent of the children's income. *Id.* The trial court found:

> [A]lthough the children are considered special needs children for the purpose of receiving adoption assistance income, the children do not have any additional or extraordinary expenses relating to any physical or emotional health needs, educational needs, or other special needs that should be considered by the court.

*Id.* at 580, 608 S.E.2d at 103. The trial court also made findings as to the parties' employment circumstances and sources of income. However, there was no finding made that the defendant was unable to provide support for the children. The trial court determined that the presumptive amount would exceed the reasonable needs of the children and that a deviation from the guidelines was appropriate. *Id.* at 578, 608 S.E.2d at 102. Despite the fact that the trial court did not find that the defendant was unable to support the children, the *Miller* court concluded that the trial court did not abuse its discretion by deviating from the guidelines based on the payments to the children.

The *Miller* court relied on *Guilford County ex rel. Easter v. Easter*, 344 N.C. 166, 473 S.E.2d 6 (1996), where our Supreme Court held that contributions from third parties may be used to determine whether deviations from the guidelines are appropriate. The *Easter* Court stated, "We find nothing in North Carolina case law or in N.C.G.S. § 50-13.4(c) which suggests that the contributions of third parties may not be considered when determining whether to deviate from the guidelines." *Id.* at 169, 473 S.E.2d at 8. In reaching its decision, the *Easter* Court reiterated that "[t]he role of the trial court is to determine whether the reasonable needs of the children are being met and whether imposing the presumptive amount would not meet or would exceed the reasonable needs of the children or would be otherwise inappropriate or unjust." *Id.* The *Easter* Court further stated:

> We emphasize that we are holding that the trial court may consider support by third parties when determining whether there is evidence to support a deviation. It is important to note that contributions from a third party will not always support deviation from the guidelines. In each case where the trial court considers whether the contributions of a third party support deviation from the guidelines, that court must examine the extent and nature of the contributions in order to determine whether a deviation from

the guidelines is appropriate considering the criteria for devia-
tion set out in N.C.G.S. § 50-13.4(c).

*Id.* at 171, 473 S.E.2d at 9.

The majority also relies upon *Browne v. Browne*, 101 N.C.
App. 617, 400 S.E.2d 736 (1991), to support its holding. However,
*Browne* is distinguishable from the case *sub judice*. In *Browne*, the
father appealed an initial child support order arguing that the trial
court did not give due consideration to the estates of each child. The
children in *Browne* each owned separate $300,000.00 estates consist-
ing of real and personal property. The *Browne* Court affirmed the trial
court's decision not to reduce the father's child support obligation
merely because the children owned separate estates. The *Browne*
court placed great emphasis on the father's income from his employ-
ment, annual income distributions from a trust fund and payments
previously received from the children's estates as reimbursement
for expenditures on behalf of the children. In the case *sub judice*,
defendant's motion to modify child support payments was not based
on separate estates owned by the children but based on monthly pay-
ments made on behalf of the children for their support. Further, the
defendant in the present case only has one source of income and is
obligated to support his four non-custodial children as well as his
newborn child. In addition, he provides health insurance for all
five of them.

Finally, the majority misapplies *Gowing v. Gowing*, 111 N.C. App.
613, 432 S.E.2d 911 (1993), to the case *sub judice*. In *Gowing*, this
Court vacated the trial court's initial child support determination
because the trial court denied the plaintiff's request for child support
without making findings regarding the reasonable needs of the child,
the earning capacity or incomes of the parties, the relative ability for
each parent to pay support, and the child care and homemaker con-
tributions. In *Gowing*, the trial court conclusively determined there
was no need for child support because the child received monthly
payments from a structured settlement. The *Gowing* Court remanded
the order because the trial court did not make adequate findings. The
Court stated, "If the trial court varied from the guidelines because
their application would exceed the reasonable needs of the child con-
sidering the relative ability of each parent to provide support, then
the court must make findings as to the abilities of each parent to pro-
vide support and the reasonable needs of the child." *Id.*, 111 N.C. App.
at 617, 432 S.E.2d at 913. Unlike the trial court in *Gowing*, the trial
court in the case *sub judice* took into consideration eleven factors to

support both the basis for its decision and the basis for the amount of the modified child support payment. Here, the trial court's findings regarding the reasonable needs of the children, the income and earning capacities of the parties, and the defendant's other support obligations were sufficient to support its decision to deviate from the guidelines.

The majority opinion creates an artificial limitation to the trial court's discretion and is contrary to the rule set forth by our Supreme court in *Easter* and followed by this Court in *Miller, Browne and Gowing*. Specifically, the majority holds that a deviation from the child support guidelines based on third party contributions is an abuse of discretion unless there is a finding that the supporting parent is completely unable to provide support when other findings supporting the deviation have been made.

Based on our statutes and case law, the trial court has discretion to determine whether deviation from the guidelines is appropriate when there is a substantial change in the needs of the minor children by making findings regarding the reasonable needs of the children as well as the contributions from the parents and their ability to provide support. The trial court made sufficient findings of fact and its decision is manifestly supported by reason. Therefore, the trial court did not abuse its discretion when it considered the social security payments in ordering a modification of defendant's liability for child support.