LYNETTA DRAUGHON, PERSONAL REPRESENTATIVE OF THE ESTATE OF MAX DRAUGHON, DECEASED, PLAINTIFF v. HARNETT COUNTY BOARD OF EDUCA-TION AND BARRY HONEYCUTT, JACKIE SAMUELS, STEPHEN AUSLEY, JASON SPELL, ANTHONY BARBOUR, PERRY SAENZ, DON WILSON, JR., RAYMOND McCALL, AND BRIAN STRICKLAND, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, DEFENDANTS

No. COA03-1325

(Filed 5 October 2004)

**1. Trials— motion for continuance denied—no abuse of discretion**

The trial court did not abuse its discretion by denying plaintiff's motion to continue a motions hearing where one of the attorneys who represented plaintiff appeared, that attorney acknowledged that the motion for a continuance was moot, five of the motions to be heard were plaintiff's, and plaintiff had noticed those motions for hearing that day.

**2. Pleadings— motion to amend—denied—undue delay and bad faith**

The trial court did not abuse its discretion by denying plaintiff's motion to amend her complaint for undue delay and bad faith. Plaintiff filed the motion to amend her complaint four years and eight months after the death of her intestate (a high school football player who died from heatstroke), two years and eight months after the original complaint was filed, one year and eleven months after the second complaint was filed, and less than one week before the scheduled hearing on defendant school board's motions to dismiss and for summary judgment. Furthermore, plaintiff's motion to amend contained no additional factual allegations demonstrating direct liability of the board, but instead attempted to spin the existing factual allegations to state a direct theory against the board which was not in the original complaint.

**3. Negligence— vicarious liability—individual claims dismissed**

The trial court did not err by granting summary judgment for a school board in an action arising from the death of a high school football player where the claims against the board were based on vicarious liability and the underlying individual claims were dismissed.

DRAUGHON v. HARNETT CTY. BD. OF EDUC.

[166 N.C. App. 464 (2004)]

Appeal by plaintiff from orders entered 20 May 2003 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 26 August 2004.

*Keith A. Bishop, PLLC, by Keith A. Bishop, and Gary, Williams, Parenti et al., by Alton C. Hale Jr., for plaintiff-appellant.*

*Tharrington & Smith, L.L.P., by Jonathan Blumberg and Lisa Lukasik, Bailey & Dixon, LLP by Gary Parsons & Warren Savage, and Cranfill, Sumner & Hartzog, LLP by Patricia L. Holland, for defendant-appellee Harnett County Board of Education.*

STEELMAN, Judge.

Plaintiff's intestate was a football player at Triton High School in Harnett County, North Carolina. He collapsed during football practice on the morning of 8 August 1998 and died the following day at UNC Memorial Hospital from complications due to heatstroke. A more detailed discussion of the facts of the case can be found in this Court's earlier opinion at *Draughon v. Harnett County Bd. of Educ.*, 158 N.C. App. 208, 580 S.E.2d 732 (2003), *aff'd*, 358 N.C. 137, 591 S.E.2d 520 (2004). On 3 August 2000, plaintiff filed an action seeking monetary damages for the wrongful death of Max Draughon. On 6 July 2001, plaintiff voluntarily dismissed that complaint without prejudice. That same day, plaintiff refiled her claims in this action.

On 14 April 2003, both plaintiff and the Harnett County Board of Education (Board) appeared before the Superior Court of Harnett County and argued seven motions. Plaintiff appealed from and assigned as error four of the orders entered following the 14 April 2003 hearing. In the orders appealed from, the trial court: (1) denied plaintiff's motion to amend her complaint; (2) denied plaintiff's motion to continue the hearing of the Board's motions for summary judgment; and (3) dismissed plaintiff's complaint. Further discussion of the relevant facts will be contained in the analysis of plaintiff's assignments of error.

[1] In plaintiff's first assignment of error she contends the trial court erred in denying her Motions to Continue/Reschedule Motion Hearing Date. There are two "Motions to Continue/Reschedule Motion Hearing Date" at issue in this appeal. Both relate to a 14 April 2003 hearing date, which date was set in open court on 17 February 2003, in the presence of both parties' counsel and without objection by plaintiff.

It is within the trial court's discretion to grant or deny a motion for a continuance, and that ruling will not be overturned absent a showing of abuse of discretion. *State v. Williams*, 355 N.C. 501, 540, 565 S.E.2d 609, 632 (2002), *cert. denied*, 537 U.S. 1125, 154 L. Ed. 2d 808 (2003). Generally, continuances are not favored; *May v. City of Durham*, 136 N.C. App. 578, 581, 525 S.E.2d 223, 227 (2000); and therefore, the trial court should only grant a continuance where the moving party demonstrates "good cause . . . and upon such terms and conditions as justice may require." N.C. Gen. Stat. § 1A-1, Rule 40(b) (2003). The burden of proof rests on the moving party to demonstrate sufficient grounds justifying the continuance. *May*, 136 N.C. App. at 581, 525 S.E.2d at 227. When ruling on a motion to continue the trial judge must consider not only the grounds given for the motion, but "whether the moving party has acted with diligence and in good faith, and may consider facts of record as well as facts within his judicial knowledge." *Id.*

On 17 February 2003, plaintiff's counsel and the Board's counsel appeared in Harnett County Superior Court for hearings on, *inter alia*, defendants Honeycutt and the Board's motion to dismiss plaintiff's claims pursuant to Rule 41(b) of the Rules of Civil Procedure. Plaintiff objected to the court hearing the Board's motion to dismiss because plaintiff had not been given five days notice as required by Rule 6(d) of the Rules of Civil Procedure. The trial court sustained plaintiff's objection and set the matter for hearing on 14 April 2003. The trial court set this date after hearing from the parties and without any objections from any of the parties.

Three days later, plaintiff filed her first motion to continue. In support of this motion, plaintiff asserted that the 14 April 2003 hearing should be continued because the case was scheduled for mediation on 13 May 2003. On 8 April 2003, plaintiff filed a second motion to continue. In this motion, plaintiff asserted, for the first time, conflicts of two of the four attorneys representing plaintiff, stating: (1) Keith Bishop was scheduled to begin a trial in Wake County on 14 April 2003, and was also scheduled to give an oral argument before the Court of Appeals on 15 April 2003; and (2) Linda Capobianco, one of plaintiff's attorneys of record, no longer practiced with the Florida law firm of Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando.

On 14 April 2003, Alton Hale, an attorney licensed to practice in North Carolina, with the firm of Gary, Williams, et. al., appeared before the Superior Court of Harnett County on behalf of plaintiff.

DRAUGHON v. HARNETT CTY. BD. OF EDUC.

[166 N.C. App. 464 (2004)]

At no time during the hearing did Mr. Hale state he was unprepared to represent his client or was incapable of effectively representing his client.

We cannot say the court abused its discretion in denying plaintiff's motion for a continuance since the record reveals that: (1) Mr. Hale, one of the attorneys who had participated in the case, appeared in court on 14 April 2003 on plaintiff's behalf; (2) Mr. Hale acknowledged in open court the motion for a continuance was moot; and (3) five of the motions to be heard were plaintiff's own motions which she had noticed for hearing that day. This assignment of error is without merit.

[2] In plaintiff's second assignment of error, she contends the trial court erred when it denied her motion to amend her complaint to "clarify" her theories of liability asserted against the Board.

Leave of court to amend a pleading is left within the trial court's discretion, and such decision is not reversible absent a showing of abuse of discretion. *Isenhour v. Universal Underwriters Ins. Co.*, 345 N.C. 151, 154, 478 S.E.2d 197, 199 (1996). Plaintiff contends the trial court did not state a reason justifying its refusal to grant plaintiff leave to amend and that this omission is essentially a *per se* abuse of discretion. Where it is unclear as to why the trial court denied leave to amend, this Court may consider any apparent reasons for the denial. *Kinnard v. Mecklenburg Fair*, 46 N.C. App. 725, 727, 266 S.E.2d 14, 16, *aff'd*, 301 N.C. 522, 271 S.E.2d 909 (1980).

A motion to amend may be denied for " '(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments.' " *Carter v. Rockingham Cty. Bd. of Educ.*, 158 N.C. App. 687, 690, 582 S.E.2d 69, 72 (2003) (citations omitted). In deciding if there was undue delay, the trial court may consider the relative timing of the proposed amendment in relation to the progress of the lawsuit. *Stetser v. TAP Pharm. Prods.*, 165 N.C. App. 1, 31, 598 S.E.2d 570, 590 (2004). Plaintiff did not file her motion to amend her complaint until 6 April 2003. This was four years and eight months after the death of plaintiff's intestate, two years and eight months after the original complaint was filed, one year and eleven months after the second complaint was filed, and less than one week before the scheduled hearing on the Board's motions to dismiss and for summary judgment. Based on these circumstances alone, we cannot say the trial judge abused his discretion in denying the motion based on undue delay.

DRAUGHON v. HARNETT CTY. BD. OF EDUC.

[166 N.C. App. 464 (2004)]

*See Brown v. Lyons,* 93 N.C. App. 453, 456, 378 S.E.2d 243, 245 (1989); *Kinnard,* 46 N.C. App. at 727, 266 S.E.2d at 16.

Further, in the trial court's order denying plaintiff's motion to amend, it states: "[t]he Court finds and concludes that the only claims stated in Plaintiff's Complaint against the Defendant Harnett County Board of Education are claims based upon alleged vicarious liability." In plaintiff's brief, she asserts that her complaint clearly contains direct claims of negligence against the Board and that she "filed her motion to amend her complaint to clarify her theories of liability because defendants, in filing their motion for summary judgment, took the opportunistic position that Plaintiff's complaint alleged only a vicarious liability theory of negligence liability." Nowhere in plaintiff's complaint, her motion to amend, or in her brief to this court, is it clear what theory of direct liability plaintiff is asserting against the Board. Of the alleged wrongful acts done by "the Defendants," none specifically address any conduct of the Board. The complaint contains several allegations of conduct by "the Defendants" without specifying which defendant committed the acts. Nowhere does plaintiff assert that the Board had a policy in effect regarding football practice or that the Board knew the coaches were doing something wrong or failed to adequately supervise the coaches. Instead, plaintiff attempts to take a line in her complaint which states: "the several defendants" "fail[ed] to take adequate precautions to prevent an occurrence of this nature[,]" and tries to convert this language, which referred to the coaches at practice that day, and twist it to say the Board should have taken "adequate precautions" to supervise the coaches. Further, plaintiff's motion to amend the complaint contained no additional factual allegations demonstrating direct liability of the Board, but instead attempted to spin the existing factual allegations to state a direct theory against the Board which was not in the original complaint.

Throughout the course of this litigation, plaintiff has consistently stated that her claims against the Board were based solely on vicarious liability and depended on the allegations of negligence asserted against the other defendants. In her complaint, plaintiff states "Harnett County Schools, as principal, is liable for the acts and omissions of its agents and employees in their official capacities, . . . ." On 12 April 2002, plaintiff's counsel argued to the trial court at a motions hearing that:

Harnett County Board of Education's exposure in this case is based on vicarious liability theory. In other words, we have not

## DRAUGHON v. HARNETT CTY. BD. OF EDUC.

[166 N.C. App. 464 (2004)]

alleged that Harnett County Board of Education directly went out off to any field and did anything.

And their liability depends on the allegations of every one of the defendants we've brought into the case . . . .

Similarly, in a brief filed before this Court on 3 September 2002, in this same case, (COA02-646), plaintiff's counsel stated: "Plaintiff alleged that the institutional defendant's liability depended on the individual defendants' joint and several liabilities." In plaintiff's petition for writ of certiorari to this Court in the above referenced case, she asserted that she "filed her complaint against the individual defendants alleging direct negligence, and against the institutional defendant, Harnett County School Board, alleging vicarious negligence on a Respondeat Superior theory." These admissions by plaintiff are binding and she cannot now assert in good faith that she has maintained a direct cause of action against the Board since the initiation of this cause of action.

We hold that the trial court did not abuse its discretion in denying plaintiff's motion to amend based upon both undue delay and bad faith. This assignment of error is without merit.

[3] In plaintiff's fourth assignment of error she contends the trial court erred in granting the Board's motion for summary judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). The movant bears the ultimate burden of demonstrating the absence of any triable issue of fact. *Kennedy v. Haywood Cty.*, 158 N.C. App. 526, 527, 581 S.E.2d 119, 120 (2003). Here, the trial court granted summary judgment in favor of the Board stating:

There is no genuine issue as to any material fact, and Defendant Harnett County Board of Education is entitled to judgment as a matter of law on the limited ground that plaintiff's Complaint against it, which alleges liability in the Harnett County Board of Education based upon vicarious liability theory, is precluded as a matter of law now that each of the individually-named defendants has been dismissed on the merits.

Plaintiff only asserted claims against the Board based upon alleged vicarious liability. The general rule in North Carolina is that

judgment on the merits in favor of the agent precludes any action against the principal where, as here, the principal's liability is purely derivative. *Guthrie v. Conroy*, 152 N.C. App. 15, 26, 567 S.E.2d 403, 411 (2002) (citing *Barnes v. McGee*, 21 N.C. App. 287, 289, 204 S.E.2d 203, 205 (1974)). *See also Taylor v. Hatchery, Inc.*, 251 N.C. 689, 691, 111 S.E.2d 864, 865-66 (1960).

Each of the claims against the individually named defendants in the action have been dismissed on the merits. On 17 December 2001, the trial court granted summary judgment in favor of four of the defendants—Stephen Ausley, Raymond McCall, Jason Spell and Don Wilson, Jr., which was affirmed in *Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 208, 580 S.E.2d 732 (2003), *aff'd*, 358 N.C. 137, 591 S.E.2d 520 (2004). On 4 March 2002, the trial court granted summary judgment in favor of defendant Brian Strickland, which this Court affirmed in *Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 705, 582 S.E.2d 343 (2003), *aff'd*, 358 N.C. 137, 591 S.E.2d 520 (2004). On 20 November 2002, the trial court entered an order dismissing three additional defendants from this action—Jackie Samuels, Anthony Barbour, and Perry Saenz. The trial court dismissed these defendants pursuant to Rule 37(d) of the North Carolina Rules of Civil Procedure as sanctions for plaintiff's failure to serve answers or objections to interrogatories or requests for production of documents properly served by defendants. Plaintiff failed to perfect her appeal as to these three defendants, and the appeal was subsequently dismissed on 21 July 2003. Plaintiff filed a petition for writ of certiorari requesting this Court hear the appeal. This Court denied the petition on 24 October 2004. On 11 March 2003, the trial court dismissed the claims against defendant Barry Honeycutt based upon the statute of limitations. This Court affirmed the lower court's ruling in *Draughon v. Harnett Cty. Bd. of Educ.*,. —— N.C. App. ——, —— S.E.2d —— (2004) (COA03-1324, filed 5 October 2004). The trial court properly dismissed plaintiff's claim against the Board and entered summary judgment in its favor since all of the individual defendants had been dismissed from the action. This assignment of error is without merit.

Since we have affirmed the trial court's entry of summary judgment dismissing plaintiff's claim against the Board, it is unnecessary to address plaintiff's third assignment of error.

For the reasons discussed herein, we affirm the rulings of the trial court.

**SANCO OF WILMINGTON SERV. CORP. v. NEW HANOVER CTY.**

[166 N.C. App. 471 (2004)]

AFFIRMED.

Judges CALABRIA and ELMORE concur.