POLLY GROOME STRICKLAND, CARROLL P. GROOME, MARY ELIZABETH GROOME
McHENRY, and JOHN R. GROOME, JR., Plaintiffs v. BILL LAWRENCE,
LAWRENCE SAND AND GRAVEL, INC., d/b/a VIEWMONT SANDROCK, INC.,
DAVID H. GRIFFIN, SR., JIMMY CLARK, BISHOP ROAD PROPERTIES, LLC and
VIEWMONT ROAD PROPERTIES, LLC, Defendants

No. COA05-823

(Filed 21 March 2006)

## 1. Fiduciary Relationship— breach of fiduciary duty—failure to establish existence of fiduciary relationship

The trial court did not err by granting summary judgment in favor of defendants on plaintiffs' breach of fiduciary duty claim, because: (1) a fiduciary relationship will not exist between parties in equal bargaining positions dealing at arm's length, even though they are mutually interdependent businesses; (2) plaintiffs took an active role in the day-to-day management of the pertinent mine; and (3) under the facts of this case, plaintiffs cannot establish that the Lawrence defendants exerted the necessary dominion and influence over plaintiffs to establish the existence of a fiduciary relationship.

## 2. Fraud— constructive—failure to show relationship of trust and confidence

The trial court did not err by granting summary judgment in favor of defendants on plaintiffs' constructive fraud claim, because plaintiffs cannot establish defendant Lawrence owed them a fiduciary duty, and therefore, they cannot establish the element of a relationship of trust and confidence required to maintain a claim for constructive fraud.

## 3. Fraud— actual—missing sales tickets—failure to show damages

The trial court did not err by granting summary judgment in favor of defendants on plaintiffs' actual fraud claim, because: (1) although plaintiffs' forecast of evidence regarding the allegation that defendant Lawrence misrepresented the amount of money he took in from sales of the sandrock and dump truck loads includes evidence that tickets used to record the sales were missing, plaintiffs failed to show that any of the missing tickets actually represented a load of sandrock or a dump truck load for which plaintiffs were not paid; (2) there was no requirement that the tickets be used in numerical order and there is evidence on the record that it was common for ticket books to be lost, for

multiple books to be in use at one time, and that there were errors in printing the books in numerical order; (3) while a review of the books disclosed a net underpayment of rent due plaintiffs, defendant Lawrence paid plaintiffs the amount due them as disclosed by the review, and thus, plaintiffs have not suffered any damages from the underpayment disclosed; and (4) plaintiffs have forecast no other evidence tending to show there were other discrepancies between the books kept by the Lawrence defendants and those kept by plaintiffs.

**4. Unfair Trade Practices— bare allegations—failure to forecast evidence of fraud**

The trial court did not err by granting summary judgment in favor of defendants on plaintiffs' unfair and deceptive trade practices claim, because: (1) plaintiffs have not forecast any evidence other than the bare allegations in their complaint regarding their claim for actual fraud and cannot establish the required relationship of trust and confidence for their claim for constructive fraud; and (2) the claim for unfair and deceptive trade practices rests on the same forecast of evidence for their claims of fraud which have not been adequately supported.

**5. Unjust Enrichment— mining permit—failure to make any reservation of rent or of any other interest in property in conveyance**

The trial court did not err by granting summary judgment in favor of defendants on plaintiffs' claim for unjust enrichment even though plaintiffs contend the sale of the Groome property did not include the sale of plaintiffs' mining permit and that the Griffin defendants have used the permit reaping a substantial benefit for which plaintiffs have not been compensated, because: (1) while the sale of the property did not include the sale of the mining permit, plaintiffs did not make any reservation of rent or of any other interest in the property in their conveyance but instead expressly assigned their rights under the mining lease to defendant Viewmont Road Properties (Viewmont); (2) under the mining lease, only defendant Lawrence Sand and Gravel (LSG) had the right to conduct mining activities on the property to the exclusion of all others; and (3) following the sale of the property and plaintiffs' assignment of the mining lease, Viewmont enjoyed the exclusive right to receive compensation for mining activities conducted on the property by LSG even though plaintiffs retained ownership of the mining permit.

**6. Pleadings— denial of motion for leave to file amended complaint—failure to provide evidence to support motion**

The trial court did not abuse its discretion in a breach of fiduciary duty, constructive fraud, actual fraud, unfair and deceptive trade practices, negligent misrepresentation, and conversion/quantum meruit case by partially denying plaintiffs' motion for leave to file an amended complaint to add a claim for civil conspiracy, because: (1) plaintiffs' motion was filed seven months after the institution of their action and nine depositions had already been taken including those of the named individual defendants; and (2) plaintiffs sought to add the claim for civil conspiracy based on information that had been obtained in discovery, yet at the hearing on plaintiffs' motion to amend they presented no deposition transcripts or other documentary evidence other than the pleadings to support their motion.

Appeal by plaintiffs from orders entered 30 September 2004 by Judge Russell G. Walker, Jr., and 22 December 2004 by Judge Lindsay R. Davis, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 25 January 2006.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Teresa DeLoatch Bryant, for plaintiff-appellants.*

*Hunter, Higgins, Miles, Elam & Benjamin, PLLC, by James W. Miles, Jr. and William A. Eagles, for defendant-appellees Bill Lawrence and Lawrence Sand and Gravel, Inc.*

*Keziah, Gates & Samet, L.L.P., by Andrew S. Lasine, for defendant-appellees David H. Griffin, Sr., Jimmy Clark, and Viewmont Road Properties, LLC.*

BRYANT, Judge.

Polly Groome Strickland, Carroll P. Groome, Mary Elizabeth Groome McHenry, and John R. Groome, Jr. (plaintiffs) appeal from orders entered in Guilford County Superior Court on 30 September 2004 by Judge Russell G. Walker, Jr., partially denying plaintiffs' motion to amend; and 22 December 2004 by Judge Lindsay R. Davis, Jr., granting summary judgment in favor of Bill Lawrence, Lawrence Sand and Gravel, Inc., (collectively, the Lawrence defendants), and David H. Griffin, Sr., Jimmy Clark, and Viewmont Road Properties, LLC (collectively, the Griffin defendants). We affirm the orders of the trial court.

STRICKLAND v. LAWRENCE

[176 N.C. App. 656 (2006)]

## Facts

Prior to 26 April 2002, plaintiffs owned property in Greensboro, North Carolina (the Groome property) on which they conducted mining and landfill operations. The mining operations were run under authorization from the North Carolina Department of Environment and Natural Resources (NCDENR) pursuant to Mining Permit Number 41-09 owned by plaintiffs. On 11 October 2001, plaintiffs submitted a request to NCDENR for the modification of their Mining Permit No. 41-09 to increase the area in which they were permitted to mine and fill. Plaintiffs were granted the modifications to their Mining Permit No. 41-09 on 17 May 2002, expanding the area for potential mining activity on the Groome property to eight acres.

In late 1993, pursuant to an oral agreement with Fred M. Groome, Jr. (Mack Groome), an owner of the Groome property, Bill Lawrence began managing the day-to-day operations on the property. Lawrence sold sandrock mined from the property and ran the landfill business. Lawrence collected the proceeds from the mining and landfill operation which were shared between Lawrence and plaintiffs with Lawrence receiving seventy-five percent and plaintiffs receiving twenty-five percent. Lawrence remitted the plaintiffs' twenty-five percent of the proceeds on a monthly basis. On 1 September 1995, plaintiffs entered into a Mining Lease executed by Bill Lawrence as President of Lawrence Sand and Gravel d/b/a Viewmont Sandrock, granting Lawrence the exclusive rights, *inter alia*, to conduct mine and landfill operations on the Groome property.

In early 2001 a creek at the mine washed out a portion of its bank and flooded the mine. Lawrence testified he entered into an oral agreement with Mack Groome whereby Lawrence Sand and Gravel would provide labor, material and equipment to correct the problems with the creek and subsequent flooding. In payment for these services, $25,000.00 would be withheld from the rental payments under the Mining Lease at the rate of $2,000.00 per month.

In April of 2001, Mack Groome died of cancer. Plaintiffs began actively dealing directly with Lawrence Sand and Gravel and made various complaints concerning the amount of payments made under the Mining Lease. As a result, a review was conducted relating to sales and payments under the Mining Lease. The review disclosed underpayment of rent of $14,332.25 in 2001, during the period of withholding monies pursuant to the oral agreement with Mack Groome. However, the review also disclosed an overpayment of $5,190.00 in

2000. Lawrence did not attempt to enforce the terms of his oral agreement with Mack Groome and paid plaintiffs $9,141.25.

On 12 October and 30 November 2000, defendants Griffin and Clark made written offers to purchase the Groome property, both of which were rejected by plaintiffs. On 31 January 2001, the parties entered into an agreement concerning the purchase of the Groome property, however the agreement called for the settlement of further details at a later date. Shortly after the death of Mack Groome, Griffin and Clark sent another offer to purchase the Groome property to plaintiffs which included numerous detailed and specific conditions precedent not previously discussed. Ultimately, no agreement was reached on the January/May 2001 offers to purchase the Groome property.

On 26 April 2002, plaintiffs sold their interests in the Groome property to Viewmont Road Properties, LLC, created by defendants Griffin and Clark for the purpose of, *inter alia*, purchasing plaintiffs' properties. The total sales price of the property was approximately $1,500,000.00. Plaintiffs contend that, although they estimated the value of the land and the mining business to be $4,450,000.00, they accepted $1,500,000.00 in light of damage the property had incurred and the fact that Griffin and Clark did not purchase the Mining Permit.

During this time, Griffin and Clark were also in negotiations with Lawrence to purchase all of his equipment used at the mine on the Groome property. On 26 April 2002, Griffin entered into an agreement with Lawrence for the sale of the assets of Lawrence Sand and Gravel associated with the mining and landfill operations on the Groome property. As part of the agreement Lawrence was also hired to oversee the continuing mining and landfill operations on the Groome property.

*Procedural History*

Plaintiffs instituted this action on 15 January 2004, filing a complaint alleging claims for breach of fiduciary duty, constructive fraud, actual fraud, unfair and deceptive trade practices, negligent misrepresentation and conversion/quantum meruit. On 20 August 2004, plaintiffs filed a Motion for Leave to File Amended Complaint. By Order entered on 30 September 2004 the trial court denied plaintiffs' proposed amendments to add a claim for conspiracy and supporting allegations, but granted the motion as to other amendments. On 15

and 17 November 2004, defendants filed motions for summary judgment. Plaintiffs voluntarily dismissed their claims against defendant Bishop Road Properties, LLC without prejudice on 19 November 2004. Defendants' motions for summary judgment were heard on 10 December 2004 and by Order entered on 22 December 2004 the trial court granted defendants' motions as to all claims. Plaintiffs appeal.

Plaintiffs raise the issues of whether the trial court erred in: (I) granting defendants' motions for summary judgment; and (II) denying, in part, plaintiffs' Motion For Leave To File Amended Complaint. For the reasons below, we affirm the orders of the trial court.

*I*

Plaintiffs first argue the trial court erred in granting defendants' motions for summary judgment as to all of plaintiffs' claims. Under Rule 56(c) of the Rules of Civil Procedure, summary judgment shall be granted if "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). In ruling on a motion for summary judgment, "the court may consider the pleadings, depositions, admissions, affidavits, answers to interrogatories, oral testimony and documentary materials." *Dendy v. Watkins*, 288 N.C. 447, 452, 219 S.E.2d 214, 217 (1975). "All such evidence must be considered in a light most favorable to the non-moving party." *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004). "Where there are genuine, conflicting issues of material fact, the motion for summary judgment must be denied so that such disputes may be properly resolved by the jury as the trier of fact." *Id.* at 468, 597 S.E.2d at 692.

The purpose of summary judgment is to determine whether any issues of material fact exist and, if not, eliminate the necessity of a full trial where only questions of law are involved. *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 641-42, 281 S.E.2d 36, 40 (1981). The movant has the burden of establishing the absence of any triable issues of fact. *Id.* This burden may be met in one of two ways: (1) "by proving an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense"; or (2) "by showing through discovery that the opposing party cannot produce evidence to support an essential element of her claim." *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (citations omitted). If the moving party satisfies its burden of proof, the non-moving party cannot rest upon her pleadings, and must "set

forth specific facts showing that there is a genuine issue for trial." N.C. Gen. Stat. § 1A-1, Rule 56(e) (2005); *Lowe v. Bradford*, 305 N.C. 366, 369-70, 289 S.E.2d 363, 366 (1982). "The opposing party need not convince the court that he would prevail on a triable issue of material fact but only that the issue exists." *Bradford*, 305 N.C. at 370, 289 S.E.2d at 366. We review an order allowing summary judgment *de novo. Shroyer v. County of Mecklenburg*, 154 N.C. App. 163, 167, 571 S.E.2d 849, 851 (2002).

### Claims Against Defendants Bill Lawrence and Lawrence Sand and Gravel, Inc.

Plaintiffs assert claims for breach of fiduciary duty, constructive fraud, actual fraud, unfair and deceptive trade practices and unjust enrichment against the Lawrence defendants. At the hearing on defendants' motions for summary judgment the Lawrence defendants argued that the discovery to date has shown that plaintiffs cannot produce evidence to support an essential element of their claims and that an essential element of the plaintiffs claims does not exist.

### Breach of Fiduciary Duty

[1] "For a breach of fiduciary duty to exist, there must first be a fiduciary relationship between the parties." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001). A fiduciary relationship

has been broadly defined . . . as one in which "there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence . . . , [and] it extends to any possible case in which a fiduciary relationship exists in fact, and in which there is confidence reposed on one side, and *resulting domination and influence on the other*."

*Id.* at 651, 548 S.E.2d at 707-08 (quoting *Abbitt v. Gregory*, 201 N.C. 577, 598, 160 S.E. 896, 906 (1931)). Generally, the existence of a fiduciary relationship "is determined by specific facts and circumstances, and is thus a question of fact for the jury." *Stamm v. Salomon*, 144 N.C. App. 672, 680, 551 S.E.2d 152, 158 (2001) (citing *Tin Originals, Inc. v. Colonial Tin Works, Inc.*, 98 N.C. App. 663, 665, 391 S.E.2d 831, 832 (1990)). Nevertheless, this Court has held that a fiduciary relationship will not exist between parties in equal bargaining positions dealing at arm's length, even though they are mutually interdependent businesses. *Tin Originals*, 98 N.C. App. at 665-66, 391 S.E.2d at 832-33.

STRICKLAND v. LAWRENCE

[176 N.C. App. 656 (2006)]

In the case at hand, the dealings between plaintiffs and the Lawrence defendants were conducted under the Mining Lease entered on 1 September 1995. While Bill Lawrence was the day-to-day manager of the mine, evidence was presented that plaintiffs took an active role in overseeing the mine's operations and, under the Mining Lease, plaintiffs reserved the rights to inspect and audit the operation's books. Initially Lawrence dealt primarily with Mack Groome, who would come to the mine often and discuss the mining operation. After Mack Groome's death and during the year preceding the sale of the Groome property to Viewmont Road Properties, plaintiffs Polly Groome Strickland and Carroll P. Groome took an active role in the day-to-day management of the mine. Further, evidence of record establishes that the Groome family had been involved in the mining business for several years with mines other than the one on the Groome property. Under these facts, plaintiffs cannot establish that the Lawrence defendants exerted the necessary "domination and influence" over plaintiffs to establish the existence of a fiduciary relationship. Thus the trial court properly granted defendants' motion for summary judgment on this claim.

## Constructive Fraud

[2] In order to survive a motion for summary judgment on their claim for constructive fraud, plaintiffs were required to forecast evidence showing: (1) a relationship of trust and confidence; (2) that the defendant took advantage of that position of trust in order to benefit himself, and (3) that the plaintiff was as a result injured. *Sterner v. Penn*, 159 N.C. App. 626, 631, 583 S.E.2d 670, 674 (2003) (citations omitted). Plaintiffs contend Lawrence owed them a fiduciary duty which he breached resulting in damage to them. As discussed above, plaintiffs cannot establish Lawrence owed them a fiduciary duty and therefore they cannot establish the element of a relationship of trust and confidence required to maintain a claim for constructive fraud. Thus the trial court properly granted defendants' motion for summary judgment on this claim.

## Actual Fraud

[3] To establish a claim for fraud, plaintiffs must show: "(1) a false representation or concealment of a material fact; (2) reasonably calculated to deceive; (3) made with the intent to deceive; (4) which the injured person reasonably relies upon; [and] (5) resulting in damage to the injured party." *Liggett Group, Inc. v. Sunas*, 113 N.C. App. 19, 30, 437 S.E.2d 674, 681 (1993) (citations omitted). Under their claim

against the Lawrence defendants for actual fraud, plaintiffs contend Bill Lawrence "misrepresented the amount of money that he took in from sales of the sandrock and dump truck loads." Plaintiffs' forecast of evidence regarding this allegation includes evidence that tickets used to record sales of sandrock and receipt of dumping loads were missing, "suggesting that [p]laintiffs did not receive rents for those sales." Plaintiffs argue that Bill Lawrence lowered the tally of amounts of rent received in order to induce them to sell the Groome property to the Griffin defendants. However, plaintiffs forecast no evidence that any of the missing tickets actually represented a load of sandrock or a dump truck load for which plaintiffs were not paid.

On a motion for summary judgment plaintiffs cannot rest on their mere allegations that the missing tickets represented actual sales from which plaintiffs were not paid their rent as required under the Mining Lease, but must set forth specific facts showing there is a genuine issue for trial. *Bradford*, 305 N.C. at 369-70, 289 S.E.2d at 366. By not setting forth any facts supporting their allegations that Lawrence intentionally withheld tickets showing valid sales and thus did not pay plaintiffs the rents due them under the Mining Lease, plaintiffs have failed to forecast evidence of the elements of actual fraud. Further, there was no requirement that the tickets be used in numerical order and there is evidence on the record before this Court that it was common for ticket books to be lost, for multiple books to be in use at one time, and that there were errors in printing the books in numerical order.

Plaintiffs also argue their claim for actual fraud is supported by the past discrepancies revealed in the review of the books kept by the Lawrence defendants and plaintiffs regarding the amount of payments made under the Mining Lease. While this review disclosed a net underpayment of rent due plaintiffs, Lawrence paid plaintiffs the amount due them as disclosed by the review. Therefore, plaintiffs have not suffered any damages from the underpayment disclosed by the review and this activity cannot support a claim of fraud. While the review was not a complete audit of the books kept by plaintiffs and the Lawrence defendants, plaintiffs cannot rest on an allegation that such an audit would reveal acts to support their claim for actual fraud. *Id.* Plaintiffs have forecast no other evidence tending to show there were other discrepancies between the books kept by the Lawrence defendants and those kept by plaintiffs. In light of these facts, the trial court properly granted defendants' motion for summary judgment on this claim.

STRICKLAND v. LAWRENCE

[176 N.C. App. 656 (2006)]

## Unfair and Deceptive Trade Practices

[4] "To prevail on a claim of unfair and deceptive trade practices, a plaintiff must show: (1) defendants committed an unfair or deceptive act or practice; (2) in or affecting commerce; and (3) that plaintiff was injured thereby." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 252, 507 S.E.2d 56, 63 (1998) (citations omitted). To support this claim, plaintiffs contend they have forecast evidence that the sale of significant amounts of sandrock and landfill services to customers who are heavily involved in the transport of products affects commerce. Plaintiffs further contend their forecast of evidence as to their claims for fraud also form the basis for the unfair or deceptive acts or practice committed by the Lawrence defendants. As discussed above, plaintiffs have not forecast any evidence other than the bare allegations in their complaint regarding their claim for actual fraud and cannot establish the required relationship of trust and confidence for their claim for constructive fraud. As their claim for unfair and deceptive trade practices rests on the same forecast of evidence for their claims of fraud, which have not been adequately supported, the trial court properly granted defendants' motion for summary judgment on this claim.

### Claims Against All Defendants[1]

[5] Plaintiffs contend the trial court erred in granting summary judgment on their claim for unjust enrichment as to all defendants because the sale of the Groome property did not include the sale of their Mining Permit and the Griffin defendants have used the permit, "reaping a substantial benefit," for which plaintiffs have not been compensated. Plaintiffs entered into a lease on 1 September 1995 granting Lawrence Sand & Gravel the "*exclusive right and privilege* to mine, dig, mill, process and remove all minerals, ores, clays, earths, and stone" referred to in the Mining Permit. (Emphasis added.) The Lease additionally obligated Lawrence Sand and Gravel to reclaim the mine in accordance with the reclamation plan established in the Mining Permit.

"A conveyance of land, which is subject to a valid and continuing lease, passes to the purchaser the right to collect the rents thereafter accruing. . . . When title passes, lessee ceases to hold under the

---

1. Plaintiffs asserted an additional claim of negligent misrepresentation against the Griffin defendants. However, at the hearing on defendants' motions for summary judgment, plaintiffs admitted they had not met each and every element of negligent misrepresentation and conceded that summary judgment on that claim was proper.

grantor. He then becomes a tenant of grantee, and his possession is grantee's possession." *Pearce v. Gay*, 263 N.C. 449, 451, 139 S.E.2d 567, 569 (1965) (citations omitted). While the sale of the Groome property did not include the sale of the Mining Permit, plaintiffs did not make any reservation of rent or of any other interest in the Groome property in their conveyance to Viewmont Road Properties. Instead, plaintiffs expressly assigned their rights under the Mining Lease to Viewmont Road Properties. Therefore, under the Mining Lease, only Lawrence Sand and Gravel had the right to conduct mining activities on the Groome property, to the exclusion of all others, even plaintiffs.

Following the sale of the Groome property and plaintiffs' assignment of the Mining Lease, Viewmont Road Properties enjoyed the exclusive right to receive compensation for mining activities conducted on the Groome property by Lawrence Sand and Gravel, even though plaintiffs retained ownership of the Mining Permit. Plaintiffs are therefore not entitled to compensation under a theory of unjust enrichment and defendants' motion for summary judgment on this claim was properly granted by the trial court.

These assignments of error are overruled.

## II

[6] Plaintiffs next argue the court erred in denying, in part, plaintiffs' Motion For Leave To File Amended Complaint. Under Rule 15(a) of the North Carolina Rules of Civil Procedure, where a party has no right to amend because a responsive pleading has been filed, the "party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." N.C. Gen. Stat. § 1A-1, Rule 15(a) (2005). However, in order to protect parties who may be prejudiced by liberal amendment, our Supreme Court has held that "[a] motion to amend is addressed to the [sound] discretion of the trial court. Its decision will not be disturbed on appeal absent a showing of abuse of discretion." *Henry v. Deen*, 310 N.C. 75, 82, 310 S.E.2d 326, 331 (1984). "Where it is unclear as to why the trial court denied leave to amend, this Court may consider any apparent reasons for the denial." *Draughon v. Harnett County Bd. of Educ.*, 166 N.C. App. 464, 467, 602 S.E.2d 721, 724 (2004) (citing *Kinnard v. Mecklenburg Fair, Ltd.*, 46 N.C. App. 725, 727, 266 S.E.2d 14, 16 (1980)).

A motion to amend may be denied for "(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e)

repeated failure to cure defects by previous amendments." *Carter v. Rockingham County Bd. of Educ.*, 158 N.C. App. 687, 690, 582 S.E.2d 69, 72 (2003) (citations and quotations omitted). "In deciding if there was undue delay, the trial court may consider the relative timing of the proposed amendment in relation to the progress of the lawsuit." *Draughon*, 166 N.C. App. at 467, 602 S.E.2d at 724 (citing *Stetser v. TAP Pharm. Prods. Inc.*, 165 N.C. App. 1, 31, 598 S.E.2d 570, 590 (2004)).

In the instant case the trial court denied plaintiffs' motion to amend their complaint to add a claim for civil conspiracy between all defendants; but allowed plaintiffs to add new allegations regarding the corporate structure of Lawrence Sand and Gravel, update their allegations related to damages, and change a claim for conversion to one for unjust enrichment. The trial court did not state any reason for its order. Plaintiffs' motion was filed seven months after the institution of their action and nine depositions had been taken, including those of the named individual defendants. Plaintiffs sought to add the claim for civil conspiracy "based upon information that has been obtained in discovery", however, at the hearing on plaintiffs' motion to amend, plaintiffs presented no deposition transcripts or other documentary evidence, other than the pleadings, to support their motion. Based on these circumstances alone, plaintiffs cannot show that the trial court abused its discretion in denying the motion based on undue delay. This assignment of error is overruled.

Affirmed.

Judges CALABRIA and JOHN concur.