NO. COA14-134

NORTH CAROLINA COURT OF APPEALS

Filed: 2 September 2014

RUTHERFORD ELECTRIC MEMBERSHIP
CORPORATION,
    Petitioner,

    v.                               Rutherford County
                                       No. 13 SP 95

130 OF CHATHAM, LLC,
    Respondent.

Appeal by petitioner from order entered 30 October 2013 by Judge Hugh B. Lewis in Rutherford County Superior Court. Heard in the Court of Appeals 14 August 2014.

> *Parker Poe Adams & Bernstein, LLP, by W. Edward Poe, Jr., Thomas N. Griffin, III, and Benjamin Sullivan; and Law Offices of Elizabeth T. Miller, by Elizabeth T. Miller, for Petitioner-appellant.*

> *Roberts & Stevens, P.A., by Ann-Patton Hornthal and William Clarke; Sigmon, Clark, Mackie, Hanvey & Ferrell, PA, by Forrest Ferrell and Amber Reinhardt; and Kilpatrick, Townsend & Stockton, LLP, by Steven J. Levitas, for Respondent-appellee.*

HUNTER, JR., Robert N., Judge.

Petitioner Rutherford Electric Membership Corporation ("Rutherford Electric") appeals from an order dismissing their petition to condemn easements for a power line across Respondent 130 of Chatham LLC's ("Chatham") tract of land ("Box Creek

Wilderness") that spans across Rutherford and McDowell Counties After careful review, we reverse the trial court's order.

## I. Facts & Procedural History

Rutherford Electric filed a special proceeding petition with the Rutherford County Superior Court on 24 January 2013 and filed an amended petition on 15 February 2013. Both petitions were filed pursuant to Chapter 40A of the General Statutes, which allow for a private company to petition for exercise of eminent domain "for the public use of benefit." N.C. Gen. Stat. §§ 40A-3(a), 40A-20 (2013). Chatham answered the amended petition on 1 April 2013, which included a motion to dismiss under N.C. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, stating that "[a] portion of the property subject of the Amended Petition lies in McDowell County, and the Clerk of Court for Rutherford County has no jurisdiction over property in McDowell County." The petition concerned a single tract of land that lay in both Rutherford and McDowell counties. The petition's stated purpose was to condemn easements so that Rutherford Electric may construct power lines and extend its service to additional customers. Rutherford Electric also filed a separate petition to condemn easements for a second tract of land also owned by Chatham that is entirely in McDowell County

("Copperleaf").

The Rutherford County Clerk of Court appointed three citizens of Rutherford County as commissioners to appraise and determine the value of just compensation for the tract at issue pursuant to N.C. Gen. Stat. § 40A-25 (2013). A hearing date of 28 May 2013 was also set in the order appointing the commissioners. The hearing took place on 28 May 2013 and the three commissioners returned a value of $71,686.00 for the easement on the tract of land at issue via a written report on 24 June 2013. Both parties appealed for a *de novo* jury trial on the amount of just compensation.

A trial on the merits was set for August 2013. Rutherford Electric also filed a separate petition for the Copperleaf tract in McDowell County on 5 June 2013 to condemn certain land under Chapter 40A of the General Statutes. Chatham responded to the petition on 24 June 2013. The parties consented to an order to consolidate the cases for trial which was filed on 20 September 2013. The order set a trial date of 30 September 2013.

On 24 September 2013, Chatham filed a Motion to Dismiss the present matter for lack of subject matter jurisdiction. Judge Lewis heard arguments on the motion to dismiss on 30 September 2013. Judge Lewis then adjourned court and stated that he would

rule on Chatham's motion to dismiss the next morning.

Judge Lewis then granted Chatham's motion to dismiss and explained the rationale for his decision. Rutherford Electric made a motion under Rule 59(e) for leave to amend its petition to include only the land in Rutherford County and to alter the petition it filed in McDowell County concerning the Copperleaf tract to include the McDowell County portions of the Box Creek Wilderness. The trial court denied the motion and declined to hear the other case concerning the Copperleaf tract. The trial court filed written orders granting Chatham's motion to dismiss and motion to amend on 30 October 2013. The trial court's order did not indicate whether Rutherford Electric's claim was dismissed with or without prejudice. Rutherford Electric filed timely written notice of appeal from the orders on 15 November 2013.

## II. Jurisdiction & Standard of Review

Jurisdiction in this Court is proper pursuant to N.C. Gen. Stat. § 7A-27(b) (2013) (stating a right of appeal lies with this Court from the final judgment of a superior court).

"A motion to dismiss for lack of subject matter jurisdiction is reviewed *de novo* pursuant to Rule 12 of the North Carolina Rules of Civil Procedure." *Johnson v. Antioch*

*United Holy Church, Inc.*, 214 N.C. App. 507, 510, 714 S.E.2d 806, 809 (2011); *see also Burgess v. Burgess*, 205 N.C. App. 325, 327, 698 S.E.2d 666, 668 (2010). Further, when an argument presents an issue of statutory interpretation, full review is appropriate, and the trial court's conclusions of law are reviewed *de novo*. *Romulus v. Romulus*, 216 N.C. App. 28, 32, 715 S.E.2d 889, 892 (2011) (citations omitted). "If the language of the statute is clear, this Court must implement the statute according to the plain meaning of its terms." *Whitman v. Kiger*, 139 N.C. App. 44, 46, 533 S.E.2d 807, 808 (2000), *aff'd per curiam*, 353 N.C. 360, 543 S.E.2d 476 (2001) (citation and quotation marks omitted).

"Under *de novo* review, we examine the case with new eyes." *Templeton Properties LP v. Town of Boone*, ___ N.C. App. ___, ___, 759 S.E.2d 311, 317 (2014). "[*D*]e *novo* means fresh or anew; for a second time, and an appeal *de novo* is an appeal in which the appellate court uses the trial court's record but reviews the evidence and law without deference to the trial court's rulings." *Parker v. Glosson*, 182 N.C. App. 229, 231, 641 S.E.2d 735, 737 (2007) (quotation marks and citations omitted).

The second issue on appeal is whether the trial court improperly denied a request for leave to amend Rutherford Electric's complaint under N.C. R. Civ. P. 59, and is reviewed under an abuse of discretion standard. *House Healers Restorations, Inc. v. Ball*, 112 N.C. App. 783, 785–86, 437 S.E.2d 383, 385 (1993) ("Leave to amend should be granted when 'justice so requires,' or by written consent of the adverse party . . . . The granting or denial of a motion to amend is within the sound discretion of the trial judge, whose decision is reviewed under an abuse of discretion standard." (internal citation omitted)). "When discretionary rulings are made under a misapprehension of the law, this may constitute an abuse of discretion." *Gailey v. Triangle Billiards & Blues Club, Inc.*, 179 N.C. App. 848, 851, 635 S.E.2d 482, 484 (2006); *Bartlett Milling Co., L.P. v. Walnut Grove Auction and Realty Co., Inc.*, 192 N.C. App. 74, 89, 665 S.E.2d 478, 490 (2008) (holding that refusal to grant a motion to amend "without any justifying reason and without a showing of prejudice to the defendant is considered an abuse of discretion." (citation omitted)).

## III. Analysis

Rutherford Electric asks this Court to reverse the trial court based on a reading of N.C. Gen. Stat. § 40A-20 and other

sections within Chapter 40A allowing for a condemnation action involving property in multiple counties. Chatham points primarily to N.C. Gen. Stat. § 40A-25 within Chapter 40A, which allows an answer to the petition for condemnation and allows the county clerk to appoint three commissioners to value the property who "shall be [residents] of the county wherein the property being condemned lies . . . ." *Id.* These three commissioners are required to take an oath to "fairly and impartially appraise the property in the petition." N.C. Gen. Stat. § 40A-26 (2013).

While there is apparent conflict between statutes in Chapter 40A on whether a multi-county private condemnation action may be filed, we reverse the trial court because the trial court very clearly *did* have subject matter jurisdiction over at least the portions of the Box Creek Wilderness that were in Rutherford County and did not grant Rutherford Electric's motion to amend its pleading. *See* N.C. Gen. Stat. §§ 40A-20, 40A-21, 40A-25, 40A-28, 40A-67 (2013). This Court leaves to the General Assembly whether or not Chapter 40A contemplates a multi-county private condemnation action via the procedure that Rutherford Electric attempted here and would urge the General Assembly to clarify the procedure to avoid future issues of this

type.[1]

## A. Subject Matter Jurisdiction

The trial court's proper action in this matter, rather than dismissing the *entire* claim under Chapter 40A for want of subject matter jurisdiction would be to encourage or allow Rutherford Electric to amend its claim under Rule 15 or Rule 59 of the Rules of Civil Procedure or to dismiss only the portion of the claim for which it thought jurisdiction was lacking. While courts shall "not take jurisdiction" when it is not granted, likewise courts "must take jurisdiction" when there is an express grant. *Cohens v. State of Virginia*, 6 Wheat. 264, 19 U.S. 264, 404 (1821); *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 71 (2009) ("[W]hen jurisdiction is conferred, a court may not decline to exercise it.").

Section 40A-20 provides a procedure for a private condemnor to file a petition for condemnation with the county clerk of court where "the real estate described in the petition is

---

[1] An example where the General Assembly has provided clear procedural instructions for a multi-county tract is in the payment of excise taxes charged on parcels that span multiple counties. *See* N.C. Gen. Stat. § 105-228.30(a) (2013). Another example where the General Assembly provided jurisdiction to a clerk of court for a single parcel spanning multiple counties is also found in N.C. Gen. Stat. § 28A-17-1 (2013).

situated." N.C. Gen. Stat. § 40A-20. The procedure outlined in Chapter 40A is a special proceeding, a variation of a routine civil action, where the county clerk of court is given the authority to appoint three commissioners who value the property after taking evidence. N.C. Gen. Stat. § 40A-26. After the commissioners complete their inquiry, they ascertain the compensation the condemnor must make to the property owners and report their award to the county clerk of court. *Id.* Service of orders, notices, and any other papers are the same as those made in other special proceedings found in the General Statutes. N.C. Gen. Stat. § 40A-24 (2013).

A party may appeal the clerk's order to the superior court under N.C. Gen. Stat. § 40A-29 (2013). *De novo* appellate jurisdiction is then granted to the superior court from the clerk's order and such jurisdiction provides for a jury trial to resolve questions of fact such as the value of the property. N.C. Gen. Stat. § 40A-29; *see also High v. Pearce*, 220 N.C. 266, 271, 17 S.E.2d 108, 112 (1941) ("Since 1868 the clerk of the court has had no power except that which is given him by statute. Where judicial power or jurisdiction has been conferred upon him, his court is one of limited jurisdiction, both as to subject matter and the territory in which it may be

exercised." (citation omitted)).

There is no violation of due process when a plaintiff follows the statutory procedure allowed for in a special proceeding nor is there want of subject matter jurisdiction for either the clerk of court or the trial court. *See* N.C. Gen. Stat. § 40A-20. In tandem, Sections 40A-20 and 40A-29 very clearly provide the clerk of court and the trial court with jurisdiction over at least the Rutherford County portion of the Box Creek Wilderness property.

## B. Motion to Amend

Rutherford Electric sought to amend its petition under Rule 59 after the trial court granted Chatham's motion to dismiss. In so doing, Rutherford Electric stated that they moved for amendment because "the interest of our members also requires a speedy adjudication by this Court . . . ." We hold that this satisfied N.C. R. Civ. P. 59(a)(9), which allows for amending judgments when a reason was previously recognized as a ground for a new trial. These reasons include when "the ends of justice will be met." *Sizemore v. Raxter*, 58 N.C. App. 236, 236, 293 S.E.2d 294, 294 (1982). The motion to amend is also considered with a general understanding that "[l]iberal amendment of pleadings is encouraged by the Rules of Civil Procedure in order that decisions be had on the merits and not

avoided on the basis of mere technicalities." *Phillips v. Phillips*, 46 N.C. App. 558, 561, 265 S.E.2d 441, 443 (1980) (citation omitted). Further, "[t]he philosophy of Rule 15 should apply not only to pleadings but also to motions where there is no material prejudice to the opposing party." *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 714, 220 S.E.2d 806, 809 (1975), *cert. denied*, 289 N.C. 619, 223 S.E.2d 396 (1976).

In response to Rutherford Electric's motion, Judge Lewis stated at the hearing:

> The issue is in all three matters [sic] the fact that you are dealing in the arenas of due process and by consequence subject matter jurisdiction.
>
> The request is basically to preempt due process that is outlined in Chapter 40A, which through all of the eleven pages of text that I was reading is premised on the North Carolina Constitution relating to property-like rights, and that is to be strictly adhered to.
>
> There is not an ability to agree, consent, to circumvent that process. You need to follow the statutes in the timeline as designated in the statutes period on all properties. The one property that you're asking for me to take a look at outside of Rutherford County has not even had any hearings or proceedings or orders signed by the Clerk in the other county.
>
> The timeline of how things occur and move to

Superior Court are designated in the statutes. They need to be followed in order to protect the citizens, the owners of that property, period.

*As to the amendment issue, that is also denied because you need to make sure that all the T's are crossed and all the I's are dotted in all proceedings*, because the issue of subject matter jurisdiction can be brought up at all times, it can not be waived. For this to be clean and brought to a final end for both tables so that it doesn't come back because there haven't been some – because someone raises subject matter jurisdiction at a later time, even though they do not voice it now, is imperative. That's what justice requires. That is what necessary is.

I'm denying both of the condemnor's request [sic] at this point in time. The one order will stand. An additional order denying those requests will also need to be drafted by your table as well.

Thereafter, the trial court filed an order which stated that Rutherford Electric made an oral motion pursuant to N.C. R. Civ. P. 59(e) seeking leave to amend under N.C. R. Civ. P. 15(a). The trial court stated that the "oral motion was made subsequent to the Court having found that [Rutherford Electric] had no authority to condemn the property as described in this condemnation action and entering a final dismissal of this action pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure." The trial court then concluded its order by

stating "[a]fter hearing arguments of counsel, the Court in its discretion DENIES the Petitioner's oral motion."

The foregoing constitutes an abuse of discretion. The trial court had jurisdiction to hear at least a portion of the case. Three private citizens from Rutherford County were chosen to provide a valuation of certain property in Rutherford County. While there was also property in McDowell County which may or may not have been properly included in the action, Rutherford Electric sought leave to amend to correct their misunderstanding of the statute. Rather than grant leave to amend their pleading, the trial court instead denied their motion. In doing so, the trial court misapprehended its ability to hear the present matter, and also provided no rationale for denying the motion under N.C. R. Civ. P. 59(e).

"A trial court abuses its discretion only where no reason for the ruling is apparent from the record." *JPMorgan Chase Bank, Nat'l Ass'n v. Browning*, ___ N.C. App. ___, ___, 750 S.E.2d 555, 561 (2013) (citation omitted). "A motion to amend may be denied for '(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments.'" *Strickland v. Lawrence*, 176 N.C. App. 656, 666–67, 627 S.E.2d 301, 308 (2006)

(quoting *Carter v. Rockingham Cnty. Bd. of Educ.*, 158 N.C. App. 687, 690, 582 S.E.2d 69, 72 (2003)).

Here, the trial court did not address *any* of these categories and simply denied the motion after misapprehending the law. This constitutes an abuse of discretion, and accordingly, the trial court is reversed. We remand to the trial court with instructions to allow Rutherford Electric's motion to amend its action to remove the McDowell County portion of the petition from its Box Creek Wilderness claim and thereafter proceed with the trial on the Rutherford County portions of the Box Creek Wilderness tract in Rutherford County Superior Court.

## IV. Conclusion

For the reasons stated above, the decision of the trial court is

REVERSED AND REMANDED.

Judges STEELMAN and GEER concur.